GRILL, APPELLANT, *v.* ABELE FUNERAL HOME, INC.,
APPELLEE.

(No. 3716—Decided November 25, 1940.)

*Messrs. Tyler, Wilson & Rhinefort* and *Mr. Robert
O. Hilty,* for appellant.

*Messrs. Gorman, Kirkley & O'Brien* and *Mr. Wm. H.
McLellan, Jr.,* for appellee.

CARPENTER, J. This appeal on questions of law is from a judgment for the defendant entered upon its motion for judgment on the pleadings on the second cause of action pleaded in the second amended petition.

The defendant is a corporation engaged in rendering funeral services. The plaintiff contracted with it to prepare and bury the body of his deceased wife.

The real question is whether the second amended petition states a cause of action. The material part of it is as follows:

"That in remembrance of the many years of happy association in marriage with said decedent he had, * * * on the day of the burial ceremony, purchased a diamond ring and wedding ring to be placed upon the left hand of the body of his deceased wife as a token of said association in marriage; that he gave full and specific instructions that said diamond ring and wedding ring should remain with and be buried with the body of said deceased wife."

The petition also alleges that she had a wrist watch which he ordered placed upon her left wrist and buried with the body; that after the relatives and friends had left the grave and the casket had been closed, defendant, by James A. Abele, its vice-president, raised the lid and "reached in the said casket with his hands and took hold of the left hand and arm of said decedent, and after having raised said left hand and arm by vigorous jerks which caused the entire corpse of said decedent to quiver and shake, forcibly and wrongfully removed said diamond ring and wedding band and wrist watch from the left hand and arm of said decedent's body. * * * Plaintiff further says that defendant has wilfully and maliciously, with premeditated design, flagrantly disobeyed plaintiff's instructions and deliberately interfered with the dignity and repose of said decedent."

The plaintiff further says this has caused him "over-

whelming grief and humiliation'' and by reason thereof he ''has been subjected to many attacks of worry which interfere with the accomplishment of his daily tasks and seriously endanger his health,'' for which he asks damages. The damage to plaintiff thus described consists of his mental suffering. Is such damage within the protection of the law on the facts pleaded?

That mental suffering arising from negligent acts, not accompanied by bodily injury, can not be compensated, is conceded by plaintiff. *Morton* v. *Western Union Telegraph Co.,* 53 Ohio St., 431, 41 N. E., 689. He tries to distinguish his claim from that type by alleging that the defendant's acts were done maliciously. In principle, this element is recognized in *Miller* v. *Baltimore & Ohio S. W. Rd. Co.,* 78 Ohio St., 309, 85 N. E., 499.

4 Restatement of Torts, Section 868, states precisely the legal principle on which plaintiff bases his action, as follows:

''A person who wantonly mistreats the body of a dead person or who without privilege intentionally removes, withholds or operates upon the dead body is liable to the member of the family of such person who is entitled to the disposition of the body.''

If any one has a cause of action against this defendant arising from its conduct of this burial it is the plaintiff, the husband of decedent.

The test question is: Does the second amended petition allege facts showing malicious misconduct on the part of the defendant in the removal of the jewelry from the body?

It is obvious that removing the rings and watch did not disturb the corpse any more than did putting them on. Slight indeed must have been the quiver and shake of the body in doing either. This is far from the type of cases cited by plaintiff where the dead bodies were

mutilated or otherwise desecrated. It is not claimed the body was even scratched or its position in the casket changed. The most that can be said of the acts of the defendant, from plaintiff's standpoint, is that they violated the instructions given defendant and thereby breached its contract with respect to burying the body with the jewelry on it.

The plaintiff alleged that these acts were done wilfully and maliciously with premeditated design. No facts are alleged that warrant such characterization. Merely alleging the conclusion that these acts were maliciously done does not make them so, if they were not so in fact.

Such characterizations are discussed in *Universal Concrete Pipe Co.* v. *Bassett,* 130 Ohio St., 567, 573, 200 N. E., 843, 119 A. L. R., 646, where, among other things, it is said:

"An act or omission does not become wanton at the whim or caprice of the pleader, any more than a threatened injury in a suit for injunction becomes irreparable simply because the pleader says so. Facts must be pleaded which reveal on their face the element of wantonness, and they must be proved as pleaded."

The element of malice not appearing in the facts pleaded, the matter stands as a claim for damages arising from mental suffering resulting from a breach of contract, for which the law does not permit compensation.

The judgment of the trial court was correct and is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.