Stewart, J.
 

 Obviously the theory upon which the trial court dismissed the plaintiff’s amended petition
 
 *305
 
 is that spoken words are not slander
 
 per se,
 
 unless they impute a crime, subject a person to disgrace, ridicule, odium ’ or contempt in the estimation of friends or acquaintances or the public, impute to a person an infectious disease likely to exclude him from society, impute the unfitness of one to perform the duties of an office or employment, or tend to prejudice him in his profession or trade; and that an action for slander
 
 per quod
 
 does not lie unless special damages are pleaded.^
 

 The Court of Appeals was of the opinion that if the instant action were treated as one for slander the trial court’s disposition of it was correct, and the Court of Appeals stated:
 

 “While it is alleged that from the verbal assault defendant is said to have committed upon plaintiff, great emotional disturbance and bodily harm resulted to her, it is not claimed that she sustained any loss or damage in the estimation of those who heard it, or even those who may have heard of it.”
 

 However, the Court of Appeals, in its opinion, said that under the liberal construction to be given our procedural law, the plaintiff has the right to go to the jury on any basis which the facts alleged permit; and that the physical condition of the plaintiff, known to the defendant, gave rise to the hazard of an emotional disturbance and bodily injury to her nerves, which disturbance and injury the petition alleges she experienced and which, it is alleged, defendant must well have anticipated from his conduct.
 

 It is axiomatic that opprobrious epithets, even if malicious, profane and in public, are ordinarily not actionable. There is no right to recover for bad manners. But it is contended here that plaintiff has the right to recover because defendant was aware of her physical condition and designed to use the language
 
 *306
 
 he did for the purpose of hurting her and causing her physical injury, and his remarks did cause her physical injury.! There can be no doubt that personal injury may be produced through emotional or mental disturbance caused by fright, terror, shock and other similar experiences, and there likewise can be no doubt that in proper cases pecuniary damages may be recovered for nervous shock and emotional disturbance and injuries directly resulting therefrom.
 

 Where one is in a situation in which he is entitled to protection from another, such as would be due to a guest from an innkeeper, to a patron from a theater, or to a passenger from a common carrier, he may recover for any injuries, including fright and terror, which result from a wilful breach of duty, insult or unlawful treatment.
 
 Cincinnati Northern Traction Co.
 
 v.
 
 Rosnagle, an Infant,
 
 84 Ohio St., 310, 95 N. E., 884, 35 L. R. A. (N. S.), 1030, Ann. Cas. 1912C, 639.
 

 The weight of authority seems to be, and certainly it is the rule in Ohio, that there is no liability for merely negligent acts which cause fright or shock unaccompanied by contemporaneous physical injury, even though subsequent illness results, where the negligent acts complained of are neither wilful nor malicious.
 
 Miller
 
 v.
 
 Baltimore & Ohio Southwestern Rd. Co., 78
 
 Ohio St., 309, 85 N. E., 499, 125 Am. St. Rep., 699, 18 L. R. A. (N. S.), 949.
 

 However, in the present case, construing, as we must, the allegations of the plaintiff’s petition and the opening statement of her counsel most strongly in her favor, the action of the defendant in using the vile epithets, which it is alleged he did, was wilful and malicious, and the question we must solve is, was his conduct actionable.
 

 ’ There are many authorities to the effect that, where a defendant, knowing of a plaintiff’s unusual physical
 
 *307
 
 condition and that insults and vile epithets might reasonably be anticipated to cause her mental and emotional disturbance and illness, such defendant would he liable'for any deleterious effects of insults or epithets which he purposely and malicously uttered. An examination of the authorities will demonstrate, however, that, where such liability was recognized, almost without exception the defamatory, insulting and profane words were accompanied by either threats, menacing actions which amounted to an assault, or a violation of the privacy and serenity of a home. Thus, in eases cited by the Court of Appeals to substantiate its opinion, we find the following facts:
 

 Stockwell
 
 v.
 
 Gee,
 
 121 Okla., 207, 249 P., 389, the defendant was trespassing on the property of plaintiff’s husband, and the defendant pushed his fist into plaintiff’s face.
 

 in
 
 Bouillon
 
 v.
 
 Laclede Gas Light Co.,
 
 148 Mo. App., 462, 129 S. W., 401, defendant’s agent was a trespasser in an apartment and frightened plaintiff by forcing his way in and using violent language.
 

 In
 
 Rogers
 
 v.
 
 Williard,
 
 144 Ark., 587, 223 S. W., 15, 11 A. L. R., 1115, the defendant unlawfully entered plaintiff’s premises, wantonly quarreled, drew a pistol and threatened to shoot a person in plaintiff’s presence, causing plaintiff to have a miscarriage.
 

 In
 
 Kirby
 
 v.
 
 Jules Chain Stores Corp.,
 
 210 N. C., 808, 188 S. E., 625, defendant made threats causing a miscarriage by plaintiff.
 

 Other cases in which recoveries have been allowed for fright and emotional disturbances or their resulting bodily injuries will be found to have in them either the elements of assault, threats or invasions of the home. Thus, in
 
 Jeppsen
 
 v.
 
 Jensen,
 
 47 Utah, 536, 155 P., 429, L. R. A. 1916D, 614, the defendant, in plaintiff’s home, directed grossly vulgar and profane language
 
 *308
 
 towards plaintiff’s husband, in plaintiff’s presence, and threatened to shoot her husband.
 

 In
 
 Whitsel
 
 v.
 
 Watts,
 
 98 Kan., 508, 159 P., 401, L. R. A. 1917A, 708, the defendant ran toward the plaintiff and in an angry, threatening manner, swearing and shaking his fist, said, “You are fooling with the wrong person this time.”
 

 In
 
 Johnson
 
 v.
 
 Sampson,
 
 167 Minn., 203, 208 N. W., 814, 46 A. L. R., 772, defendant made a false charge of unchastity against plaintiff, a school girl 15 years old, in her presence and that of another, and threatened that if plaintiff did not confess she would be sent to the reform school.
 

 In
 
 Grimes
 
 v.
 
 Gates,
 
 47 Vt., 594, 19 Am. Rep., 129, defendant threatened to imprison the plaintiff and thereby so frightened and terrified her as to cause her to become ill. In that case the court said: “A mere vain fear is not sufficient. It must be founded upon an adequate threat.”
 

 In
 
 LaSalle Extension University
 
 v.
 
 Fogarty,
 
 126 Neb., 457, 253 N. W., 424, 91 A. L. R., 1491, defendant threatened to sue plaintiff and to appeal to his employer, and made such threats wilfully and intentionally for the purpose of producing mental pain and anguish.
 

 The above are but samples of the many cases which permitted recoveries for wilful, malicious conduct ox-opprobrious epithets resulting in personal injui-y and accompanied by threats, actions constituting assaults, or invasions of the serenity of private premises and homes. They are all easily distinguishable from the present case.
 

 There is no allegation or statement in the present case, either in the amended petition or the opening statement of counsel, of anything which could be construed as a threat or an assault. The inexcusable
 
 *309
 
 words alleged to have been used by the defendant were uttered on the sidewalk of a public street. Plaintiff made no claim that she was frightened or terrified. There is no allegation that defendant was guilty of any menacing actions or attitudes. All the allegations state merely the use of profane and vulgar words with the malicious intention of wréaking the maximum of opprobrium upon the plaintiff.
 

 It is true that in the opening statement it was said that the defendant stepped right up to the plaintiff and started the resumption of a former wrangling, and, in the presence of people on the sidewalk, he used profane words in a loud voice and with a flushed face. It is also true it was stated that plaintiff’s mother took her quickly by the arm and rushed her into a. store. Neither of those statements, however, was of an assault or a causing of fright and terror. Consequently, the question before us is: does profane and atrocious language not slanderous and unaccompanied by. menacing actions or attitudes, threats, trespass, or invasions of the serenity of private premises or a home give rise to a cause of action? We do not think so.jS
 

 In the case of
 
 Continental Casualty Co.
 
 v.
 
 Garrett,
 
 173 Miss., 676, 161 So., 753, the Supreme Court of Mississippi, while upholding a right of action for abusive and insulting language which violates the quiet and peaceable enjoyment of a home, said:
 

 “The great weight of authority, under the common law, is that mere words, however offensive or insulting, when the conduct of the party does not amount to an assault, are not actionable.”
 

 In
 
 Maze
 
 v.
 
 Employees’ Loan Society,
 
 217 Ala., 44, 114 So., 574, the Supreme Court of Alabama said:
 

 “The action for verbal abuse is slander, and words used, when not accompanied by an assault, are not the subject of actionable damages.”
 

 
 *310
 
 In 1 Cooley on Torts (4 Ed.), 323, Section 95, it is stated:
 

 “Mere words do not constitute an assault unless accompanied by an offer of physical violence. ‘An attempt to commit a battery usually involves an assault, a putting in fear, a sudden call upon the energies for prompt and effectual resistance, and the law for these reasons makes the assault a wrong even though no actual battery takes place.’ ”
 

 In 1 Restatement of Torts, 47, Section 21, as to assault, it is stated:
 

 “ (1) An act other than the mere speaking of words which, directly or indirectly, is a legal cause of putting another in apprehension of an immediate and harmful or offensive contact makes the actor liable to the other for the apprehension so caused, if (a) the actor intends to inflict a harmful or offensive contact upon the other or a third person or to put the other or a third person in apprehension thereof * * *.
 

 “An act which is not done with the intention stated in Subsection (l,a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the,risk threatened bodily harm. ’ ’
 

 Section 31, page 61 of the same volume, reads:
 

 “To make the actor liable for an assault under the rule stated in Section 21, he must have done an act other than the mere speaking of words which puts the other in apprehension of an immediate and harmful or offensive contact.”
 

 (The reason for not extending the right of action, in the instant case, for insulting and profane words uttered on a public highway, and unaccompanied by threats or conduct amounting to an assault, is well stated by the Court of Appeals of Kentucky in
 
 Reed
 
 v.
 
 *311
 

 Ford,
 
 129 Ky., 471, 112 S. W., 600, 19 L. R. A. (N. S.), 225, and quoted with approval by the same court in
 
 Smith
 
 v.
 
 Gowdy,
 
 196 Ky., 281, 285, 244 S. W., 678, 29 A. L. R., 1353:
 

 “The damages sought to be recovered are too remote and speculative. The injury is more sentimental than substantial. Being easily ^simulated and hard to disprove, there is no standard by which it can be justly,' or even approximately, compensated. ’ ’
 

 If the allegations in the amended petition and the opening statement in the present case are true, and for the purposes of our decision they must be assumed to be true, the conduct of the defendant was atrocious, inexcusable and certainly unworthy of any one claiming to be a gentleman: However, plain tiff did not allege that she was put in fear or terror or that defendant was guilty of any conduct which amounted to even a slight assault, and it is apparent, since the episode occurred on a public sidewalk, that there was no violation of the serenity, peace and quiet of the home. The actions of the defendant, therefore, however reprehensible, amount to
 
 damnum absque injuria.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias and Sohngen, JJ., concur.
 

 Turner, Hart and Zimmerman, JJ., dissent.