Darlyne **PARMELEE** and Frank
Parmelee, Appellants,

v.

**E. A. ACKERMAN, aka Ada Ackerman,
dba The House of Charm Studios,**
Appellee.

No. 13326.

United States Court of Appeals
Sixth Circuit.

Feb. 28, 1958.

Lawrence E. Broh-Kahn, Shaker Heights, Ohio, for appellants.

Hugh McNamee, of Ganger & Ganger, Cleveland, Ohio, for appellee.

Before SIMONS, Chief Judge, MARTIN, Circuit Judge, and MATHES, District Judge.

PER CURIAM.

■ Upon this appeal from an order dismissing their diversity action for lack of jurisdiction over the subject matter, appellants first urge that the district court should not have entertained appellee's motion to dismiss because made after answer filed. This contention overlooks the provisions of Rule 12(h) that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R.Civ.P. 12(h), 28 U.S.C.A.

Two causes of action are asserted in appellants' complaint: the first for dam-

age of "not less than $2,500" arising from alleged breach of contract by appellee to furnish appellants' residence in an agreed manner; and the second for damage of "not less than $2,000" for "embarrassment and mental suffering" resulting from failure to furnish the home in the manner agreed and, "in addition thereto," for $2,000 by reason of "dire threats" allegedly made by appellee to appellants.

The damage demanded for claimed breach of contract is patently less than the jurisdictional minimum of "$3,000 exclusive of interest and costs." 28 U.S.C. § 1332.

As to the second cause of action, there being no allegation that the emotional distress was intentionally caused, the $4,000 sought for "embarrassment and mental suffering" and "dire threats" is not recoverable in whole or in part under Ohio law where the alleged tortious acts are said to have occurred. Bartow v. Smith, 1948, 149 Ohio St. 301, 78 N.E.2d 735, 15 A.L.R.2d 94; cf. Grill v. Abele Funeral Home, 1940, 69 Ohio App. 51, 42 N.E.2d 788. And it is settled that, in ascertaining the amount in controversy for jurisdictional purposes, "where the law gives the rule, the legal cause of action, and not the plaintiff's demand, must be regarded." McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 182–183, 56 S.Ct. 780, 782, 80 L.Ed. 1135; Vance v. W. A. Vandercook Co. (No. 2), 1898, 170 U.S. 468, 481, 18 S.Ct. 645, 42 L.Ed. 1111; Hayward v. Nordberg Mfg. Co., 6 Cir., 1898, 85 F. 4; cf. Bell v. Preferred Life Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15.

If then the claims as asserted in the complaint be combined and considered as one (Baltimore & O. S. W. R. Co. v. United States, 1911, 220 U.S. 94, 106, 31 S. Ct. 368, 371, 55 L.Ed. 384), "it is apparent, to a legal certainty," from the face of the complaint, that appellants can recover no more than $2,500 on the facts alleged (St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845);

and there has been no suggestion of any amendment (28 U.S.C. § 1653).

Since the amount in controversy in the case does not equal the minimum requisite to federal jurisdiction, the order dismissing the action for lack of jurisdiction over the subject matter is affirmed.