# CIRCUIT COURT OF THE CITY OF DANVILLE

Ronald Motsinger

v.

Marshall Kelly
and Virginia-Carolina
Broadcasting Corp.

August 12, 1985

By JUDGE JAMES F. INGRAM

Plaintiff claims that he was defamed as a result of defendant Kelly's alleged statement that plaintiff was "the ugliest man in Danville" made while hosting a radio call-in show known as "Swap Shop" on Radio Station WDVA. WDVA is operated by defendant Virginia-Carolina Broadcasting Corporation. Plaintiff has filed a Motion for Judgment consisting of two counts. The first count alleges a cause of action for common law libel. The second count alleges a cause of action under Va. Code § 8.01-45 the so-called "insulting words" statute. Plaintiff alleges that he is entitled to $100,000 in compensatory damages and $150,000 in punitive damages. Defendant has filed its Grounds of Defense.

The court has reviewed a Motion for Summary Judgment filed by defendants, heard the arguments of counsel for all parties, reviewed the Brief In Support of Defendants Motion For Summary Judgment filed by defendants, reviewed the response of plaintiff to defendants First Set Of Interrogatories to Plaintiff, and, pursuant to a stipulation entered into between counsel for plaintiff and defendants in accordance with the dictates of Rule 3:18, reviewed

the transcript of the defendants' deposition of plaintiff. Finally, the court has reviewed the court docket containing all filings by the parties and prior orders of the court in this case.

Based on my review of the pleadings and arguments of counsel, the Court is of the opinion that the defendants are entitled to summary judgment as a matter of law.

Moreover, it further appears that the plaintiff has failed to comply with this court's order of August 1, 1985, requiring him to answer certain interrogatories submitted by defendants and to produce certain documents for review by defendants on or before 5:00 p.m., August 5, 1985. In view of the plaintiff's failure to comply with the prior orders of the Court and of the Court's warning to counsel for plaintiff that failure to complete the discovery procedures by the allotted time and date would result in dismissal of plaintiff's complaint, the Court, as an alternative basis of decision, orders the plaintiff's complaint dismissed for failure to prosecute.

In view of the foregoing, the court offers the following conclusions of law concerning its decision to grant defendants' Motion for Summary Judgment.

Rule 3:18 provides, in pertinent part, as follows:

> Either party may make a motion for summary judgment at the time after the parties are at issue. If it appears from the pleadings . . . that the moving party is entitled to judgment, the court shall enter judgment in his favor.

The purpose of the summary judgment rule is to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment as a matter of law. Rule 3:18 applies to cases in which: "No trial is necessary because no evidence could affect the result." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 591 (1954). This is such a case.

Assuming that the allegations contained in the plaintiff's Motion for Judgment are true, defendants are nevertheless entitled to judgment as a matter of law. In order to make out a common law cause of action for defamation,

plaintiff must prove that defendants (1) made a publication (2) to someone other than the plaintiff (3) of a statement concerning the plaintiff (4) which was false; and (5) which tended to injure the plaintiff's reputation. *Carwile v. Richmond Newspapers, Inc., supra.* Plaintiff's statutory cause of action under Virginia Code Section 8.01-45, so-called "insulting words" or "dueling" statute is treated "precisely as an action for slander or libel for words actionable per se, with one exception, namely, no publication is necessary." *Carwile v. Richmond Newspapers, Inc.,* 196 Va. at 6.

Plaintiff cannot succeed in the present case because he cannot bear his burden of proving that the assertion allegedly made by the defendants was false. Plaintiff cannot recover because the statement is, on its face, incapable of being proved true or false. It is a statement of opinion rather than a statement of fact. As such, the First and Fourteenth Amendments to the United States Constitution shield the defendants against plaintiff's claim. *See, Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 339-340 (1974). Moreover, as was recently held by our Supreme Court in *Gazette v. Harris,* 229 Va. 1, 325 S.E.2d 713, 725 (1985), only a statement which can be proved false by the plaintiff is capable of supporting a cause of action for defamation. *See also Auvil v. Times Journal Company,* 10 Med. Law Rptr. 2302 (E.D. Va. 1984) (applying Virginia law and holding opinion not actionable); *National Foundation for Cancer Research, Inc. v. Counsel Better Business Bureaus, Inc.,* 705 F.2d 98 (4th Cir. 1983) (court applying Virginia law held that statements of opinion cannot constitute actionable defamation); *Hotchner v. Castillo-Puche,* 551 F.2d 910, 913 (2d Cir. 1977) *cert. denied sub nom. Hotchner v. Doubleday Company, Inc.,* 434 U.S. 834 (1977) ("An assertion that cannot be proved false cannot be held libelous.")

Opinions cannot be false. Therefore, an opinion cannot be actionable even if defamatory. Whether Ronnie Motsinger is "the ugliest man in Danville" is not a matter capable of objective proof. Beauty, as is well known, is in the eye of the beholder. It is thus necessarily subjective. It is, in short, a matter of opinion. Since plaintiff could offer no evidence capable of proving the allegedly defamatory statement false, plaintiff's

12

cause of action must fail. As our Supreme Court recently held in *Gazette v. Harris, supra*:

> In an action brought by a private individual to recover actual, compensatory damages for defamatory publication, the plaintiff may recover upon proof by preponderance of the evidence that the publication was false, and that the defendant either knew it to be false or believing it to be true, lacked reasonable grounds for such a belief or acted negligently in failing to ascertain the facts in which the publication was based. *Under this standard, truth no longer is an affirmative defense to be established by the defendant. Instead, the plaintiff must prove falsity, because he is required to establish negligence with respect to such falsity.*

325 S.E.2d at 724-725. (emphasis supplied).

Finally, even if the assertion could be proved false, plaintiff's common law claim is frivolous. As the Virginia Supreme Court noted long ago in *Mosely v. Moss*, 47 Va. (6 Gratt.) 534, 538 (1850):

> The common law does not give reparation for all derogatory or disparaging words. . . .
> Words spoken that are merely vituperative or insulting, or imputing only disorderly or immoral conduct or ignoble habits, propensities or inclinations, or want of delicacy, refinement or good breeding, are not regarded by the common law as sufficiently substantial to be treated as injuries calling for redress and damages.

So it is here. *See also, Curtis Publishing Co. v. Birdsong*, 360 F.2d 344 (5th Cir. 1966); *Raible v. Newsweek, Inc.*, 341 F. Supp. 804 (W.D. Pa. 1972); *Bartow v. Smith*, 149 Ohio St. 301, 78 N.E.2d 735, 15 A.L.R.2d 94 (1948).

Plaintiff's cause of action under the insulting words statute must likewise fail because the insulting words statute cannot constitutionally support a recovery of damages for a statement which is opinion and incapable of being proven false. Moreover, the court finds as a

matter of law that the words in question here would not be sufficient to incite one to violence. This is particularly so since the plaintiff and defendant Kelly were speaking to one another on the telephone and not in each others immediate physical presence.

Finally, the question whether words alleged to be defamatory are statements of fact or opinion is a question of law for the court to decide. *See, Gazette v. Harris, supra; Wilder v. Johnson Publishing Company, Inc.,* 551 F. Supp. 122 (E.D. Va. 1982) (applying Virginia law). *Cf. Chaffin v. Lynch,* 83 Va. 106, 117 (1887) (privilege as a question of law for the court).

Wherefore, it is ordered, adjudged and decreed, as follows:

1. Summary judgment is hereby granted in favor of the defendants.

2. In the alternative, plaintiff's Motion for Judgment is hereby dismissed for failure to comply with the court's order of August 1, 1985, concerning discovery.

3. The costs of court shall be taxed against plaintiff.