PRESENT:  All the Justices

ESTHER H. HOWELL

                                             OPINION BY
   v.          RECORD NO. 081800      JUSTICE CYNTHIA D. KINSER
                                           SEPTEMBER 18, 2009
AJMAL SOBHAN, M.D., ET AL.

          FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                    Wilford Taylor, Jr., Judge


     The appellant, Esther H. Howell, filed this medical

malpractice action against Ajmal Sobhan, M.D. and his employer,

Sobhan & Hopson Surgical, PC.  At the close of all the evidence

during a multi-day jury trial, the circuit court held that

Howell failed to prove proximate causation and therefore

sustained the defendants' motion to strike her evidence.  We

conclude, however, that Howell did present sufficient evidence

of proximate causation to take her case to a jury.  Thus, we

will reverse the circuit court's judgment.

                 RELEVANT FACTS AND PROCEEDINGS

     Because the circuit court entered summary judgment for the

defendants upon sustaining a motion to strike Howell's evidence,

"we view the evidence in the light most favorable to [Howell],

giving [her] the benefit of all inferences which a jury might

fairly draw from the evidence."  Brown v. Hoffman, 275 Va. 447,

449, 657 S.E.2d 150, 151 (2008) (internal quotations omitted);

accord Claycomb v. Didawick, 256 Va. 332, 333, 505 S.E.2d 202,

203 (1998).  "If several inferences may be drawn from the

evidence, though they may differ in degree and probability, we adopt those most favorable to the plaintiff 'unless they are strained and forced or contrary to reason.' " Brown, 275 Va. at 449, 657 S.E.2d at 151 (quoting West v. Critzer, 238 Va. 356, 357, 383 S.E.2d 726, 727 (1989)). Accordingly, we will state the facts in the light most favorable to Howell.

Upon referral by her primary care doctor, Howell saw a gastroentologist, Robin L. Corbett, M.D., for the purpose of undergoing a colonoscopy due to a history of blood in her stools. During the procedure, Dr. Corbett discovered three polyps in Howell's colon. Because of the size and location of two of the polyps, Dr. Corbett was able to remove only one of the polyps from Howell's colon.

Consequently, Dr. Corbett referred Howell to Dr. Sobhan for a "probable subtotal colectomy"[1] to remove the remaining two polyps. Dr. Sobhan agreed with Dr. Corbett's assessment that Howell needed a subtotal colectomy. During surgery, Sobhan removed 54 centimeters of Howell's colon – almost all of it – and reattached her small intestine at a point right above the rectum.[2]

---

[1] A subtotal colectomy is a partial "[e]xcision of . . . the colon." Tabor's Cyclopedic Medical Dictionary 445, 2101 (20th ed. 2005).

[2] The colon is also referred to as the large intestine.

Following the surgery and after her discharge from the hospital, Howell developed a fistula or "leak . . . that was penetrating through the abdomen and coming out the wound."  She sought treatment at a hospital emergency room.  While at the emergency room, the incision in her abdominal wall "split open and . . . the bowel contents came out" through her incision.  She was admitted to the hospital, and, soon thereafter, authorized Warren Hercules, M.D. to take over her care.  Dr. Hercules tried to surgically repair the fistula, but a leak re-developed and Howell was again draining stool.  Dr. Hercules' partner, David L. Gore, Jr., M.D., performed an exploratory laparotomy to find the actual leaking point, and successfully closed the fistula.

Howell then filed this medical malpractice action and, in a second amended complaint, named Dr. Sobhan and his employer, Sobhan & Hopson Surgical, PC, as defendants.  Among other things, Howell alleged Dr. Sobhan breached the standard of care by removing too much of her colon and by using inappropriate anastomosis[3] techniques.  As a result of this and other breaches of the standard of care, Howell claimed that she suffered

---

[3] In this context, anastomosis is the connection of two bowel pieces that are sewn together.

permanent disfigurement, physical pain, and mental anguish, and has incurred and will continue to incur medical expenses.[4]

During the trial, Howell presented testimony from two medical experts, Gary A. Ludi, M.D. and Dr. Hercules. Dr. Ludi qualified as an expert in general and colon surgery. He testified that it was appropriate to surgically remove Howell's two polyps, but objected to the surgical procedure that Dr. Sobhan performed and the amount of colon removed. Based on the pathology report showing that the polyp removed by Dr. Corbett during the colonoscopy was benign, Dr. Ludi opined that Dr. Sobhan breached the standard of care by removing virtually all of Howell's colon.

Dr. Ludi explained that it is important to preserve as much of the large intestine as possible during surgery, as "the colon's function is for water reabsorption of our food stream content"; thus, the more bowel that is removed, the higher the risk of diarrhea and problems with bowel function. Dr. Ludi stated that Howell would have had a 95 percent probability of returning to a normal bowel scenario if Dr. Sobhan had performed one of the alternative surgical procedures Dr. Ludi discussed

---

[4] In a first amended complaint, Howell also asserted a claim for lack of informed consent. The defendants filed a demurrer arguing, inter alia, that Howell failed to state a claim for lack of informed consent. The circuit court sustained the demurrer as to this claim. Howell did not re-allege a claim for lack of informed consent in her second amended complaint.

4

because those procedures would have allowed Howell to retain more of her colon. The procedure performed by Dr. Sobhan, in Dr. Ludi's opinion, left Howell with a zero chance of returning to a normal bowel function "because she doesn't have" a colon. In response to a question about his expectations regarding Howell's lifestyle, Dr. Ludi stated he would expect her to have "chronic diarrhea and as a consequence of that[,] electrolyte abnormalities."[5]

Dr. Ludi also testified that, if Dr. Sobhan had "been working in another area [of the bowel] there would not have been a fistula." On cross-examination, Dr. Ludi, however, admitted that a fistula is a known complication of colon surgery and any anastomosis can break down and develop a fistula. He also acknowledged that diarrhea is a known risk of colon surgery but reiterated that diarrhea is worse when more of the colon is removed.

Dr. Hercules qualified as an expert in the field of general surgery, specifically with regard to the evaluation, diagnosis, treatment, and removal of colon polyps. Dr. Hercules opined that Dr. Sobhan breached the standard of care by removing too much of Howell's colon and by performing a "cancer operation"

---

[5] Dr. Gore also testified that, as a result of her colon being removed, Howell could expect a lifetime of diarrhea. Howell testified at trial that she still suffers from diarrhea.

without verifying that the polyps were in fact malignant.  He further testified that Howell did not have enough colon left to allow for normal bowel functioning.

On cross-examination, Dr. Hercules, however, answered affirmatively when asked whether any anastomosis could break down and develop a fistula.  He also admitted that a fistula could have developed even if Dr. Sobhan had not performed a subtotal colectomy.  But, Dr. Hercules explained that when the anastomosis is lower in the colon, as was Howell's, the risk of a fistula increases "slightly" because it is harder to work surgically in the pelvic area.

At the close of Howell's evidence, the defendants moved to strike the evidence, arguing Howell had not met her burden of proof with regard to the issue of proximate causation.  In overruling the defendants' motion to strike the evidence, the circuit court stated, "The plaintiff has established the case that's appropriate for the jury.  Those are all the questions and issues for the trier of fact to resolve."

The defendants renewed their motion to strike at the close of all the evidence.  They argued that Howell failed to prove a prima facie case showing that Dr. Sobhan's alleged breach of the standard of care by performing the subtotal colectomy was a proximate cause of Howell's developing chronic diarrhea and a fistula.  The defendants stated that neither of Howell's medical

expert witnesses had "criticism as it relates to the development of a fistula" because fistulas can occur in the absence of negligence.  Additionally, they asserted that both experts testified that "diarrhea is a known and acceptable side effect of any intestinal surgery [and] can happen in the absence of negligence."

The circuit court sustained the defendants' motion, stating, "There can be no dispute that there's no proximate cause.  It's a terrible result.  [Howell] did have these complications, but they were normal complications that just happened in this case. . . .  The jury can't dispute over that." In its final order, the court granted the defendants' motion to strike Howell's evidence, entered summary judgment for the defendants, and dismissed the case with prejudice.  Howell appeals from the circuit court's judgment.

ANALYSIS

In a medical malpractice case, as in other types of negligence actions, the plaintiff must prove not only that the defendant violated the applicable standard of care and was therefore negligent, but also that the defendant's negligent acts were a proximate cause of the injury.  Brown v. Koulizakis, 229 Va. 524, 532, 331 S.E.2d 440, 446 (1985).  The dispositive issue in the case before us is whether Howell presented sufficient evidence to prove that Dr. Sobhan's breach of the

standard of care was a proximate cause of her injuries.[6]  " 'The proximate cause of an event is that act or omission which, in natural and continuous sequence, unbroken by an efficient intervening cause, produces the event, and without which that event would not have occurred.' "  Doherty v. Aleck, 273 Va. 421, 428, 641 S.E.2d 93, 97 (2007) (quoting Jenkins v. Payne, 251 Va. 122, 128, 465 S.E.2d 795, 799 (1996) (quoting Beale v. Jones, 210 Va. 519, 522, 171 S.E.2d 851, 853 (1970))); accord Hadeed v. Medic-24, Ltd., 237 Va. 277, 285-86, 377 S.E.2d 589, 593-94 (1989).  The issue of proximate causation, like that of negligence, is ordinarily a question of fact for a jury to decide.  Brown, 229 Va. at 531, 331 S.E.2d at 445; accord Jenkins, 251 Va. at 128, 465 S.E.2d at 799.  A trial court should decide the issue of proximate causation "only when reasonable persons could not differ."  Jenkins, 251 Va. at 128, 465 S.E.2d at 799; accord Fruiterman v. Granata, 276 Va. 629, 637, 668 S.E.2d 127, 132 (2008); Hadeed, 237 Va. at 285, 377 S.E.2d at 593.

Viewing the evidence in the light most favorable to Howell, we conclude that Howell presented sufficient evidence of proximate causation to take her case to the jury.  Reasonable

---

[6] We find no merit in the defendants' argument that Howell's assignment of error challenging the circuit court's decision to strike her evidence and enter summary judgment for the defendants does not comport with Rule 5:17(c).

8

minds could differ about whether Dr. Sobhan's breach of the standard of care was a proximate cause of Howell's injuries. In other words, a jury could decide Dr. Sobhan's breach of the standard of care by performing a surgical procedure that removed nearly all Howell's colon caused her chronic diarrhea and fistula.[7]

Dr. Ludi testified that Howell has a zero chance of returning to a normal bowel function because she has virtually no colon left and will therefore have a lifetime of chronic diarrhea. However, according to Dr. Ludi, if Dr. Sobhan had performed the alternative surgical procedure, which Dr. Ludi recommended in light of the pathology report showing the polyp removed during the colonoscopy was benign, Howell would have retained more of her colon and therefore would have had a 95 percent probability of regaining normal bowel function. Additionally, although Dr. Ludi and Dr. Hercules both testified that a fistula is a known complication of colon surgery, Dr. Hercules explained during cross-examination that the risk of a fistula increases "slightly" when the anastomosis is lower in the colon.

---

[7] We find no merit in the defendants' assertion that Howell failed to argue in the circuit court that Dr. Sobhan's breach of the standard of care was a proximate cause of her chronic diarrhea.

9

Thus, we hold the circuit court erred by striking Howell's evidence and entering summary judgment for the defendants.  When ruling on a motion to strike, a trial court "should not undertake to determine the truth or falsity of testimony or to measure its weight."  Williams v. Vaughan, 214 Va. 307, 310, 199 S.E.2d 515, 517-18 (1973).  Those are matters peculiarly within the province of a jury.  Id. at 310, 199 S.E.2d at 517. "[U]nless sworn testimony is irreconcilable with logic and human experience, [a trial court] must accept it as true, and [all] inferences which a jury might fairly draw from plaintiff's evidence must be drawn in [the plaintiff's] favor."  Id. at 310, 199 S.E.2d at 518 (internal quotation marks omitted) (second alteration in original).

CONCLUSION

For these reasons, we will reverse the circuit court's judgment and remand the case for a new trial.[8]

<u>Reversed and remanded</u>.

---

[8] Howell also assigns error to the circuit court's sustaining the demurrer to her claim alleging lack of informed consent.  When the circuit court entered its order sustaining the demurrer, it did not dismiss that claim with prejudice, as it did with regard to another claim that Howell had alleged in her amended complaint.  Although Howell did not re-allege the lack of informed consent when she filed her second amended complaint, she could on remand move for leave to file a third amended complaint and re-allege the lack of informed consent if she wishes to do so.  Thus, we will not address this assignment of error, nor will we address the defendants' assertion that Howell's argument challenging the circuit court's decision to sustain the demurrer is barred because she did not re-allege the lack of informed consent in her second amended complaint.  <u>See generally</u> Code § 8.01-273(B).

In light of our decision, we also will not address Howell's remaining assignments of error.

11