# CIRCUIT COURT OF FAIRFAX COUNTY

Michael Eric A.B. Mak Shun Ming Hotung

v.

Eric E. Hotung

August 22, 2012

Case No. CL-2011-11125

By Judge Charles J. Maxfield

This matter came before the Court on July 10, 2012, on Defendant's Motion to Strike Count VI of Plaintiff's Complaint. Upon consideration of the respective briefs, oral arguments, and controlling authorities, the motion is granted.

*Factual Background*

Michael Eric A.B. Mak Shun Ming Hotung filed suit against Eric E. Hotung based on defamatory comments Defendant made to magazines published in Hong Kong and available online. Defendant is an 86 year old international businessman of significant notoriety residing in Fairfax County, Virginia.

Defendant believed Plaintiff, born in 1959 to a second cousin, to be his son, but did not publicly acknowledge him as such. Plaintiff was involved in separate litigation in Hong Kong in 2001, and, as a purported show of support, Defendant publicly acknowledged the relationship. Following the Defendant's acknowledgment of his paternity, Plaintiff held himself out as the Defendant's son and reaped significant professional stature through his relation to the Defendant.

In 2008, Plaintiff became embroiled in divorce litigation involving custody and support issues of his minor children. Defendant disapproved of the manner in which Plaintiff was handling the litigation and expressed his disapproval in an interview with a magazine reporter. In the article, Defendant stated that his biological son would not act in such a fashion, that any man could be Plaintiff's father, and that Defendant had never taken a DNA test to confirm his paternity of Plaintiff. After Defendant's remarks were published, Plaintiff was no longer afforded the professional and personal opportunities associated with being related to Defendant.

Plaintiff filed a lawsuit against Defendant alleging six tort counts. Three counts survived pretrial motions: intentional infliction of emotional distress, defamation, and insulting words. At the close of the Plaintiff's evidence, Defendant made a motion to strike the Plaintiff's evidence. The Court overruled the motion to strike with respect to the defamation count and took the motion to strike under advisement with respect to the intentional infliction of emotion distress and insulting words counts. The motion was renewed at the close of the case and again taken under advisement pending the jury's decision.

The jury returned a verdict for Plaintiff on the defamation and insulting words count only and awarded him $300,000 in compensatory and $300,000 in punitive damages for each count for a total award of $1.2 million.

Following the verdict, the parties submitted memorandum in support of, and in opposition to, Defendant's motion to strike the insulting words count.

### Arguments

### I. *Defendant's Motion to Strike Count VI*

Defendant initially argues Plaintiff's insulting words count must be stricken because Virginia is a *lex loci* choice of law state and the law of the situs of the wrong should govern the litigation between the parties. In this case, because Defendant made his statements in Hong Kong, he asserts Hong Kong law should apply to Plaintiff's insulting words claim. Defendant further asserts Hong Kong does not recognize insulting words, or any analogous claim, as a cause of action.

Defendant further contends, even if Virginia law is applied to Plaintiff's insulting words claims, Defendant's statements cannot be insulting words. Defendant argues insulting words, as defined by Virginia Code § 8.01-45, must tend to violence or breaches of the peace. Defendant contends his words do neither.

Additionally, Defendant argues that Plaintiff cannot recover under an insulting words theory because the Defendant's statements were not defamatory *per se*. Lastly, Defendant argues the motion to strike the

insulting words count must be granted or Plaintiff would receive a double recovery for a single injury.

## II. *Plaintiff's Opposition to Defendant's Motion to Strike Count VI*

As an initial objection to Defendant's motion to strike, Plaintiff asserts Defendant failed to properly renew his motion to strike after the Defendant presented evidence on his behalf.

Procedural objections aside, Plaintiff asserts he established a *prima facie* case under § 8.01-45. Plaintiff classifies Defendant's statements into three distinct categories of insulting words, statements impugning Plaintiff's lineage, statements impugning Plaintiff's mother's chastity, and statements impugning Plaintiff's character. Plaintiff asserts any of these three types of statements are sufficient to satisfy § 8.01-45 requirement that the words be subjectively insulting and objectively likely to lead to violence or breach of the peace.

## *Analysis*

### I. *Motion to Strike Standard of Review*

The motion to strike challenges the sufficiency of a plaintiff's evidence. *Banks v. Mario Indus. of Va.*, 274 Va. 438, 454-55, 650 S.E.2d 687, 696 (2007). Any reasonable doubt should be resolved in favor of a plaintiff, and a motion to strike should only be granted when no cause of action can be stated against the defendant. *Id.* Determining the truth and weight of the evidence presented, however, remains the province of the jury. *Howell v. Sobhan*, 278 Va. 278, 284-85, 682 S.E.2d 938 (2009).

### II. *Motion to Strike Count VI: Insulting Words*

The Court is of the opinion that the motion to strike was properly renewed. Any argument regarding the choice of law was waived by failing to raise it at trial or during argument over jury instructions. Accordingly, the dispositive issue of this opinion is the application of the insulting word statute to the facts of this case.

Virginia Code § 8.01-45 creates a legal cause of action against speakers of insulting words. A statement is actionable if the "usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." Va. Code Ann. § 8.01-45 (2012). Section 8.01-45 is substantially similar to the 1873 codification of the Virginia Anti-Duelling Act that was originally passed in 1810. *Chaffin v. Lynch*, 83 Va. 106, 111-12, 1 S.E. 803, 806-07 (1887). Although originally directed solely at the

prevention of duels, the Virginia Supreme Court subsequently expanded the applicability of the statute beyond duelling. *W. T. Grant Co. v. Owens*, 149 Va. 906, 915-16, 141 S.E. 860, 863 (1928).

As the applicability of the insulting words statute expanded, the interpretation of the statute evolved. Virginia's insulting words statute has been interpreted as analogous to the United States Supreme Court's interpretation of the "fighting words" exception to First Amendment protections. *Hutchins v. Cecil*, 44 Va. Cir. 380, 385 (Fairfax 1998); *see also Crawford v. United Steelworkers*, 230 Va. 217, 240-44, 335 S.E.2d 828, 842-45 (1985) (Russell, J., dissenting).

Fighting words are defined as words "by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S. Ct. 766, 86 L. Ed. 1031 (1942). Following *Chaplinsky*, the United States Supreme Court consistently limited the application of the fighting words doctrine. *See, e.g., Cohen v. California*, 403 U.S. 15, 20, 91 S. Ct. 1780, 29 L. Ed. 2d 284 (1971) (holding that general articulations of vulgar words could not be criminalized as fighting words); *Street v. New York*, 394 U.S. 576, 590-91, 89 S. Ct. 1354, 22 L. Ed. 2d 572 (1969) (holding a statute could not criminalize flag burning as symbolic speech tantamount to fighting words). The consistent limitation of the fighting words doctrine has lead commentators to conclude only "unambiguous invitations to brawl" would be actionable as fighting words. John Hart Ely, *Democracy and Distrust: A Theory of Judicial Review*, 114 (1980). In addition to requiring unequivocal challenges to fight, a number of courts have required that insulting words be communicated face to face between parties. *See Hutchins v. Cecil*, 44 Va. Cir. 380, 385 (Fairfax 1998); *Motsinger v. Kelly*, 9 Va. Cir. 9 (Danville 1985); *see also Thompson v. Town of Front Royal*, 2000 U.S. Dist. LEXIS 3876, 2000 WL 329237 (W.D. Va. Mar. 16, 2000).

This court is of the opinion that, for Virginia Code § 8.01-45 to be actionable, the words must be conveyed face to face or in such manner as to incite an immediate breach of the peace. This result is supported by the reasoning that our insulting words statute is largely subsumed by defamation. *Allen & Rocks, Inc. v. Dowell*, 252 Va. 439, 443, 477 S.E.2d 741, 743 (1996) (noting the cause of action for insulting words has largely been assimilated into defamation claims); *see also Potomac Valve & Fitting, Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1284 (4th Cir. 1987) (observing § 8.01-45 has been interpreted by Virginia courts almost identically to defamation claims). The distinction between insulting words and defamation is that insulting words do not require publication to be actionable. *Tweedy v. J. C. Penney Co.*, 216 Va. 596, 601, 221 S.E.2d 152, 156, n. 6 (1976); *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 6, 82 S.E.2d 588, 591 (1954) (noting the difference between insulting words and defamation is defamation has the additional element of publication).

Insulting words, however, require an immediacy that could cause a breach of the peace.

The decision of whether the words are actionable should be resolved by the Court, not the jury. *Allen & Rocks, Inc. v. Dowell*, 252 Va. 439, 443, 477 S.E.2d 741, 743 (1996). The Virginia Supreme Court has on only two occasions found that the facts satisfied the insulting words statute. *Zayre of Va., Inc. v. Gowdy*, 207 Va. 47, 147 S.E.2d 710 (1966); *Darnell v. Davis*, 190 Va. 701, 58 S.E.2d 68 (1950). Both of these cases involve accusations of crimes not present in this case.

The decision with respect to the "words" in this case was challenged on a motion to strike and preserved at the close of evidence. The Court grants the motion to strike the insulting words count in this case as the words used do not meet the standard of tending to cause violence or a breach of the peace and because they were not uttered in a face to face confrontation or manner likely to present a clear and immediate danger of the same. It is difficult to imagine that the statement of an 80 year old man in Virginia could incite violence or cause the breach of the peace when heard by a 50 year old man halfway around the world.

This holding is supported by the alternative argument that to rule otherwise would allow a double recovery. Plaintiff used the identical publication to support both the defamation and insulting words counts. Absent the clear and present tendency to incite violence, insulting words is entirely subsumed by defamation. There is but one cause of action that can be predicated upon this set of facts, and the cause of action is defamation. The final argument for striking Count IV as having no independent damages and thus duplicative while appealing is denied as the torts have different elements of damages.

## Conclusion

Plaintiff failed to present facts necessary to support a claim for insulting words under Virginia Code § 8.01-45. Defendant's Motion to Strike is granted.