BAKER ET AL., APPELLEES, *v.* SHYMKIV ET AL., APPELLANTS.

[Cite as Baker *v.* Shymkiv (1983), 6 Ohio St. 3d 151.]

(No. 82-1243—Decided August 3, 1983.)

*Schottenstein, Zox & Dunn Co., L.P.A.,* and *Mr. Patrick F. Smith,* for appellees.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Kenneth E. Harris,* for appellants.

LOCHER, J. This case presents one issue: whether the trial court erred by instructing the jury that only foreseeable damages could result in liability. Appellants, the Shymkivs, contend that the trial court properly charged the jury on foreseeability. We disagree.

Initially, we note that appellants argue against affirmance in this case because "* * * it appears that the Court of Appeals was attempting to carve out an exception to the long standing rule in Ohio that there can be no recovery for mental duress, fright, shock, etc., without a contemporaneous physical injury. * * *" (Citations omitted.) Regardless of whether one accepts appellants' characterization of the decision by the court of appeals, *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131, overruling *Miller* v. *Baltimore & Ohio S.W. RR. Co.* (1908), 78 Ohio St. 309, and its progeny, eliminates the requirement of contemporaneous physical injury in actions for the negligent infliction of serious emotional distress.

Our holding in *Schultz* notwithstanding, this court presaged today's decision while the contemporaneous physical injury rule was still in effect: "* * * In the absence of a contemporaneous physical injury, damages attributable to

mental distress are usually recoverable only if the wrongdoer's act is a malicious or outrageous invasion of a personal right. See *Miller* v. *Baltimore & Ohio Southwestern Rd. Co., supra; Housh* v. *Peth* (1956), 165 Ohio St. 35 [59 O.O. 60], 133 N.E. 2d 340. In such a factual situation, the courts are confronted with an innocent victim and an intentional wrongdoer, and hence it is not surprising that the interest of the victim in obtaining full compensation is placed above the interest of the wrongdoer in protecting himself against potentially speculative damage awards." *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178, 185 [71 O.O.2d 174].

Intentional trespassers are within that class of less-favored wrongdoers.[1] For example, under the Restatement of Torts 2d, intentional conduct is an element of trespass: "One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he *intentionally* (a) enters land in the possession of the other or causes a thing or a third person to do so * * *." (Emphasis added.)" Restatement of Torts 2d 277, Section 158. The Restatement also articulates the scope of liability for a trespass in Section 162, which states: "A trespass on land subjects the trespasser to liability for physical harm to the possessor of the land at the time of the trespass, or to the land or to his things, or to members of his household or to their things, caused by any act done, activity carried on, or condition created by the trespasser, irrespective of whether his conduct is such as would subject him to liability were he not a trespasser." *Id.*, at pages 291-292. Comment *f* to Section 162 of the Restatement explains the intended effect of that provision:

"*f. Peculiar position of trespasser.* This Section states the peculiar liability to which a trespasser is subject for bodily harm caused to the possessor of land or the members of his family by the conduct of a trespasser while upon the land, irrespective of whether his conduct if it occurred elsewhere would subject him to liability to them. * * * Thus, one who trespasses upon the land of another incurs the risk of becoming liable for any bodily harm which is cause [*sic*] to the possessor of the land or to members of his household by any conduct of the trespasser during the continuance of his trespass, no matter how otherwise innocent such conduct may be." *Id.*, at page 293.

Accordingly, we hold that damages caused by an intentional trespasser need not be foreseeable to be compensable.

We affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, C. BROWN and J. P. CELE-BREZZE, JJ., concur.

---

[1] We make no decision in this case, however, as to the liability of a "Good Samaritan" who intentionally trespasses upon another's land.

HOLMES, J., concurs separately.

HOLMES, J., concurring. I concur in the syllabus and the opinion in most respects, but must point out that I still continue to adhere to my dissent in *Schultz* v. *Barberton Glass Co.* (1983), 4 Ohio St. 3d 131, 136. Here the facts are significantly different as they would relate to various elements involved in the rules considered. First, the facts show that the appellants' trespass to the land was an intentional intrusion upon this land. Such is an unlawful interference with one's person, property, or rights for which recovery for resulting damage could have been granted even prior to *Schultz*.

It was noted in *Schultz* at page 136 that:

"* * * Recovery for emotional distress unaccompanied by a contemporaneous physical injury has been allowed under special circumstances. See *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 [71 O.O.2d 174] * * * (malice on the part of the wrongdoer); *Housh* v. *Peth* (1956), 165 Ohio St. 35 [59 O.O. 60] * * * (right of privacy invaded); *Brownlee* v. *Pratt* (1946), 77 Ohio App. 533 [33 O.O. 356] * * * (right of burial of the dead transgressed). Similarly, those injured by the negligent infliction of serious emotional distress should have the opportunity to recover damages."

It is my belief that where there was an intentional interference with a protected right such as the right to maintain one's home and property inviolate, recovery has been allowed for all attendant rights violated. As I noted in my dissent in *Schultz* at page 137:

"Courts historically allowed plaintiffs to maintain a cause of action for mental distress only in conjunction with actions which seek to redress violation of other known protected personal rights. Damages were dependent upon the existence of some other tort, and such 'parasitic' damages were only an additional factor to be considered in awarding general damages."

This court, in *Bartow* v. *Smith* (1948), 149 Ohio St. 301 [37 O.O. 10], although denying recovery for emotional shock occasioned by the use of vile language against the plaintiff which was found to be mere nonactionable words in the absence of threat, recognized that where certain protected rights were intentionally violated, a recovery for mental shock and resulting injury could be had. The protected rights set forth in the syllabus of *Bartow* v. *Smith* were the right not to be slandered, and not to be subject to words or action constituting an assault or threat, or which put a person in fear and terror.

Other actionable situations recognized by this court in *Bartow* are where the actor has assaulted or violated the privacy and serenity of a home. In this regard, the court set forth at page 307:

"[In] *Stockwell* v. *Gee*, 121 Okla., 207, 249 P., 389, the defendant was trespassing on the property of plaintiff's husband, and the defendant pushed his fist into plaintiff's face.

"In *Bouillon* v. *Laclede Gas Light Co.*, 148 Mo. App., 462, 129 S.W., 401,

defendant's agent was a trespasser in an apartment and frightened plaintiff by forcing his way in and using violent language.

"In *Rogers* v. *Williard,* 144 Ark., 587, 223 S.W., 15, 11 A.L.R., 1115, the defendant unlawfully entered plaintiff's premises, wantonly quarreled, drew a pistol and threatened to shoot a person in plaintiff's presence, causing plaintiff to have a miscarriage."

The court then stated at page 308:

"The above are but samples of the many cases which permitted recoveries for wilful, malicious conduct or opprobrious epithets resulting in personal injury and accompanied by threats, actions constituting assaults, or invasions of the serenity of private premises and homes. They are all easily distinguishable from the present case."

It is my belief that in none of these intentional assaults upon a protected personal right would the element of foreseeability of the injury have been required.

Also, I am able to concur in this opinion in that the emotional stress which was reasonably occasioned by the intentional trespass of the appellants clearly manifested itself, not only physically in nature, but was objectively ascertainable — unfortunately, Mr. Baker died.