OPINION *Page 2 
{¶ 1} Defendant-appellant, Vespar, LLC, appeals from the June 27, 2008, Judgment Entry of the Massillon Municipal Court overruling defendant-appellant's objections to the Magistrate's Decision/Recommendation and approving and adopting the same as the order of the court.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Vespar, LLC, an Ohio limited liability company, owns real property in Jackson Township, Stark County, Ohio that is located near real property owned by appellees, Robert and Kellie Randles. After appellant hired Doug Adams Well Drilling to repair a water well on appellant's property, Doug Adams Well Drilling negligently pumped well water onto appellees' property causing damage to appellees' basement and the exterior of their home.
 {¶ 3} On May 8, 2008, appellees filed a complaint against appellant seeking $3,000.00 in damages. A hearing before a Magistrate was held on June 5, 2008. The Magistrate, in a Decision/Recommendation filed on June 6, 2008, recommended that judgment be entered in favor of appellees and against appellant in the amount of $1,736.73. The Magistrate found that appellant was "responsible for the actions of Doug Adams Well Drilling which ultimately caused the damages to plaintiff."
 {¶ 4} Appellant, on June 13, 2008, filed an objection to the Magistrate's Decision/Recommendation, arguing that it was not liable for the actions of its contractor, Doug Adams Well Drilling, and that "[i]t is entirely contrary to law to require the owner of the property here to be basically an insurer for Doug Adams Well Drilling." Pursuant to a Judgment Entry filed on June 27, 2008, the trial court overruled appellant's objection *Page 3 
and approved and adopted the Magistrate's Decision/Recommendation as the order of the court. The trial court found that the Magistrate's Decision/Recommendation was neither an abuse of discretion nor contrary to law.
 {¶ 5} Appellant now raises the following assignment of error on appeal:
 {¶ 6} "I. THE FINDING OF THE MAGISTRATE, ADOPTED BY THE TRIAL COURT, THAT `DEFENDANT VESPAR LLC IS RESPONSIBLE FOR THE ACTIONS OF DOUG ADAMS WELL DRILLING WHICH ULTIMATELY CAUSED THE DAMAGES TO PLAINTIFF,' IS CONTRARY TO LAW.
 {¶ 7} "II. THE SENTENCE OF THE MAGISTRATE'S FINDING OF FACT WHICH STATES, `PLAINTIFFS HAVE PROVIDED PROOF OF THE FOLLOWING DAMAGES CAUSED BY DEFENDANT — SEE EXHIBIT `1' ATTACHED HERETO.' IS AN OVERSIGHT AND CONTRARY TO THE FINDINGS WHICH PRECEDE IT FINDING PLAINTIFFS' DAMAGES TO BE THE RESULT OF DEFENDANT'S CONTRACTOR'S NEGLIGENCE."
 I {¶ 8} Appellant, in its first assignment of error, argues that the trial court erred in adopting the Magistrate's finding that appellant was "responsible for the actions of Doug Adams Well Drilling which ultimately caused the damages to plaintiff" because the same is contrary to law. We agree.
 {¶ 9} In essence, appellees, in their complaint, alleged that appellant committed trespass by allowing water from appellant's property to run onto appellee's property. In Baker v. Shymkiv (1983),6 Ohio St.3d 151, 153, 451 N.E.2d 811, 813-814, the Ohio Supreme Court held that "`. . .One is subject to liability to another for trespass, *Page 4 
irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in the possession of the other or causes a thing or a third person to do so. . . . (Emphasis added). Restatement of Torts 2d 277, Section 158. . . .'" As noted by the court in Biomedical Innovations, Inc. v.McLaughlin (1995), 103 Ohio App.3d 122, 658 N.E.2d 1089, as a general rule, a person is not liable for trespass unless it is committed by that person or by a third person on his or her orders. Id at 127, citing 88 Ohio Jurisprudence 3d (1989) 595, Trespass, Section 20. In Verchio v.Gregory, Cuyahoga App. No. 87901, 2007-Ohio-832, the court held that a property owner could be held liable for trespass when there was evidence that the owner had exercised control over a contractor who moved soil and clay onto a neighbor's land during a construction project.
 {¶ 10} In the case sub judice, the Magistrate made the following findings of fact:
 {¶ 11} "Defendant Vespar, LLC hired Doug Adams Well Drilling to repair a water well on Defendant's property. Doug Adams negligently dumped well water onto Plaintiff's property causing damage to Plaintiff's basement and caused Plaintiff to make repairs to the exterior of Plaintiff's residence. Plaintiffs have had no water problems in the basement for the 6 years they've owned their residence except for the short period of time Defendant's well driller was pumping water onto Plaintiff's property. Plaintiffs have provided proof of the following damages caused by Defendant — See Exhibit `1' attached hereto."
 {¶ 12} The Magistrate then found that appellant was "responsible for the actions of Doug Adams Well Drilling which ultimately caused the damages to plaintiff." The Magistrate's Decision/Recommendation was approved and adopted by the trial court. *Page 5 
 {¶ 13} However, the Magistrate never made any findings that appellant directed the contractor working on his property, namely, Doug Adams Well Drilling, as to how to repair the well or that appellant intentionally caused the water to flow onto appellee's property. In short, based on the Magistrate's findings, there was no basis for imposing liability on appellant. We find that the trial court, therefore, erred in adopting the Magistrate's Decision/Recommendation and in holding that appellant was liable for the negligent actions of Doug Adams Well Drilling.
 {¶ 14} Appellant's first assignment of error is, therefore, sustained.
 II {¶ 15} Appellant, in its second assignment of error, argues that the Magistrate's finding, that appellees provided "proof of the following damages caused by [appellant]," was an oversight and contrary to the Magistrate's findings that appellees' damages were the result of the negligence of Doug Adams Well Drilling. (Emphasis added). *Page 6 
 {¶ 16} Based on our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
 {¶ 17} Accordingly, the judgment of the Massillon Municipal Court is reversed.
By: Edwards, J. Hoffman, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is reversed. Costs assessed to appellees. *Page 1