[Cite as *Riffle v. Physicians & Surgeons Ambulance*, 2016-Ohio-94.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ANDREA RIFFLE, et al.

    Appellees

    v.

PHYSICIANS AND SURGEONS
AMBULANCE, et al.

    Defendants

    and

CITY OF AKRON, STACY FRABOTTA,
AND TODD KELLY,

    Appellants

C.A. No.     27449

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2009-11-8537

DECISION AND JOURNAL ENTRY

Dated: January 13, 2016

CARR, Presiding Judge.

{¶1} Appellants, the City of Akron and paramedics Stacy Frabotta and Todd Kelly, appeal an order that denied their motion for summary judgment under R.C. Chapter 2744. This Court affirms.

I.

{¶2} Around 4:00 a.m. on December 26, 2008, Andrea Riffle, who was less than two weeks away from the due date of her first child, called 911 when she awoke to find herself bleeding. Stacy Frabotta and Todd Kelly, two paramedics employed by the City of Akron, responded to the call. The printed run report that was provided to Frabotta explained that the

reason for the call was a 38 year-old woman with "a pregnancy related problem." The run report further explained that Mrs. Riffle reported that she was in her third trimester, was not having contractions, and could not see, feel, or touch the baby, but noted that "[t]here is SERIOUS bleeding." (Emphasis in original.) Frabotta and Kelly assessed Mrs. Riffle in the first-floor bathroom adjacent to the master bedroom in her home, concluded that the situation was a routine first pregnancy that did not warrant emergency transport, and turned Mrs. Riffle's care over to a private ambulance service. The private ambulance transported Mrs. Riffle to Akron City Hospital, where she was taken directly to the labor and delivery department. After Mrs. Riffle was assessed by medical providers at the hospital, her daughter Tenley was delivered by emergency Caesarean. Tenley Riffle died in the hospital three days later.

{¶3}  Mr. and Mrs. Riffle sued the City of Akron, Frabotta, and Kelly, alleging that Frabotta and Kelly mishandled the care of Mrs. Riffle and her unborn daughter, resulting in delay that contributed to Tenley's death. The City, Frabotta, and Kelly moved for summary judgment, alleging that they were immune pursuant to R.C. 2744.02 and R.C. 4765.49(B). The trial court denied the motion, concluding that there were genuine issues of fact regarding whether the moving parties acted willfully or wantonly. The City, Frabotta, and Kelly appealed under R.C. 2744.02(C).

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED BY DENYING THE APPELLANTS' MOTION
FOR SUMMARY JUDGMENT.

{¶4}  In its only assignment of error, the City has argued that the trial court erred by concluding that there are genuine issues of material fact regarding whether the City provided medical services to Mrs. Riffle in a manner that constituted willful or wanton misconduct under

R.C. 4765.69(B). The City has also argued that the trial court erred by concluding that there are genuine issues of material fact with respect to whether its employees' acts "were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" We disagree.

{¶5} This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. The substantive law underlying the claims provides the framework for reviewing motions for summary judgment, both with respect to whether there are genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Burkes v. Stidham*, 107 Ohio App.3d 363, 371 (8th Dist.1995).

{¶6} As a general rule, political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). The parties do not dispute that a governmental function is at issue in this case. The immunity provided by R.C. 2744.02(A)(1), however, is subject to the exceptions described in R.C. 2744.02(B). One of these exceptions, set forth in R.C. 2744.02(B)(5), provides that a political subdivision is liable when another provision of the Revised Code expressly imposes civil liability. R.C. 4765.69(B) expressly imposes liability upon a political subdivision that provides emergency medical services when such services are provided "in a manner that constitutes willful or wanton misconduct." *Riffle v.*

*Physicians & Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, ¶ 23. A public employee is immune from liability if the employee's action or omission was manifestly outside the scope of employment or undertaken "with malicious purpose, in bad faith, or in a wanton or reckless manner[.]" R.C. 2744.03(A)(6).

{¶7} Neither the City of Akron nor the two employees involved in this case are immune if the acts or omissions at issue were undertaken in a "wanton" manner. *Compare* R.C. 4765.69(B) and R.C. 2744.03(A)(6). In this respect, we note that for purposes of R.C. Chapter 2744, "the terms 'willful,' 'wanton,' and 'reckless' * * * are not interchangeable." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 40. Instead, they "describe different and distinct degrees of care[.]" *Id.* at ¶ 31. "Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Id.* at ¶ 33. A person who engages in wanton behavior is aware of the risk inherent in the conduct, but does not attempt to avoid the risk and is indifferent to any resulting harm. *Id.*, citing Black's Law Dictionary 1613-1614 (8th Ed.2004).

{¶8} According to the deposition testimony of Frabotta and Kelly, they were aware that bleeding during the third trimester of pregnancy constituted an obstetrical emergency that triggered a specific protocol for treatment by EMS providers. Both acknowledged that the appropriate protocol in that situation included emergency transport with lights and sirens rather than transportation by a private ambulance service. Frabotta agreed that paramedics have an obligation to get information from obstetrical patients regarding whether they are experiencing bleeding. She confirmed that she had been provided the printed run sheet on the night in question, and that run sheet contains a notation that Mrs. Riffle was a patient in her third trimester who was experiencing "SERIOUS bleeding."

{¶9} Mr. Riffle stated in his deposition that he met Frabotta and Kelly outside the house, then "walked them into the house and told them that my wife was 38 weeks pregnant and she woke up in a pool of blood." Mrs. Riffle testified that she also "told the paramedics that I had been bleeding." Neither Frabotta nor Kelly recalled those statements from the Riffles. Kelly thought that he heard Frabotta ask about bleeding, but did not recall what the response had been. Frabotta's memory differed. She testified, "I don't believe I asked any questions about serious bleeding, and none was mentioned." She agreed that she essentially ignored the notation on the run sheet that indicated there had been serious bleeding, explaining that "I've been doing this long enough [to know] that the dispatch notes are a lot of times not close to what we're actually going on." Frabotta further expressed her perception that unless Mrs. Riffle told them that there was bleeding, "we have no reason to believe that that is so." Frabotta and Kelly agreed that they treated Mrs. Riffle as a patient with a routine first pregnancy rather than an obstetrical emergency. Mr. Riffle perceived as much, noting that "it seemed as though it was made out that simply her water broke and we were just first time parents and just didn't understand."

{¶10} Given these facts, the trial court correctly determined that there are genuine issues of material fact regarding whether Frabotta and Kelly failed to exercise care in connection with Mrs. Riffle's treatment and, although aware of the risks inherent in the situation, failed to avoid the risk with indifference to the resulting harm. The motion for summary judgment was properly denied on this basis. Because this appeal is limited to a determination of whether the benefit of immunity was wrongly denied to the appellants under R.C. 2744.02(C), the alternative argument that the actions of Frabotta and Kelly did not proximately cause Tenley Riffle's death are not properly before the Court at this time.

III.

**{¶11}** The assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

EVE V. BELFANCE, Director of Law, and JOHN CHRISTOPHER REECE and MICHAEL J. DEFIBAUGH, Assistant Directors of Law, for Appellants.

JOSEPH L. DILTS and REBECCA L. CULL, Attorneys at Law, for Appellee.