[Cite as *Bonkoski v. Lorain Cty.*, 2018-Ohio-2540.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| ANTHONY BONKOSKI | | C.A. No. | 17CA011094 |
| | | | 17CA011120 |
| Appellee | | | 17CA011122 |
| | | | |
| v. | | | |
| | | | |
| LORAIN COUNTY, OHIO, et al. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| Appellants | | COURT OF COMMON PLEAS |
| | | COUNTY OF LORAIN, OHIO |
| | | CASE No.    14CV184813 |

DECISION AND JOURNAL ENTRY

Dated: June 29, 2018

---

CALLAHAN, Judge.

{¶1}    In this consolidated appeal, Lorain County appeals an order of the Lorain County Court of Common Pleas pursuant to R.C. 2744.02(C) that denied its motion for summary judgment.  Timothy Abraham and the Estate of Raymond Bechtel appeal the trial court's orders that granted summary judgment to Anthony Bonkoski, Trustee of the Bonkoski Family Trust, on his trespass claim, and subsequently granted a permanent injunction.  This Court reverses with respect to all appellants.

I.

{¶2}    The Bonkoski Family Trust owns land that lies west of Vermillion Road.  The Estate of Raymond Bechtel owns farmland east of Vermillion Road, and Timothy Abraham farms that property under a lease.  Since the early 1900s, the Bechtel property and other land east of Vermillion Road have drained to the west toward Vermillion Road and the Bonkoski property.

Sometime between 1900 and 1950, a system of drainage tiles was installed on the Bechtel property. In 1951, the former owners of the Bonkoski property created a man-made lake located at the bottom of a steep ravine just west of Vermillion Road. Around 1970, Lorain County constructed a thirty-six-inch culvert underneath Vermillion Road that drains the water that flows east to west from the Bechtel property and other properties toward Vermillion Road and onto the Bonkoski property. Around 2005, Lorain County installed a new cap on the side of the culvert that also measured thirty-six inches in diameter.

{¶3} Mr. Bonkoski filed a complaint on behalf of the Bonkoski Family Trust against Raymond Bechtel (now deceased), Timothy Abraham, who farms the Bechtel property, and Lorain County, alleging negligence and trespass and seeking a permanent injunction to stop the flow of water through the culvert and onto the Bonkoski property. Lorain County moved for summary judgment, alleging that it was immune from suit under R.C. Chapter 2744. Mr. Bonkoski moved for summary judgment as to liability against each defendant; Mr. Bechtel and Mr. Abraham, in turn, moved for summary judgment on each of Mr. Bonkoski's claims.

{¶4} On January 26, 2017, the trial court ruled on the parties' motions for summary judgment. The trial court dismissed Mr. Bonkoski's negligence claims against each defendant based on the statute of limitations. With respect to Lorain County, the trial court determined that various aspects of Ohio law imposed liability upon the County for trespass and denied the County's motion for summary judgment on that basis. With respect to all defendants, the trial court concluded that the water that flows from the Bechtel property through the culvert is not "surface water" and granted summary judgment on liability to Mr. Bonkoski. Lorain County immediately appealed the trial court's decision regarding immunity under R.C. 2744.02(C).

{¶5} After the trial court granted the motion for summary judgment on the defendants' liability for trespass, Mr. Bonkoski moved for a permanent injunction against all defendants. Lorain County opposed the motion because, among other reasons, its immunity appeal was pending in this Court at the time. On March 20, 2017, the trial court entered a permanent injunction against all defendants:

> Therefore, it is hereby Ordered that the Defendants immediately stop the drain tile water from the Bechtel property from entering Lorain County's catch basin and flowing onto [Mr. Bonkonski's] property. It is hereby Ordered that Defendants Timothy Abraham and Raymond Bechtel immediately disconnect or plug the drain tile pipes that flow into Lorain County's catch basin.

Mr. Bechtel and Mr. Abraham appealed, and on April 28, 2017, the trial court journalized an order providing that there is no just cause for delay. *See Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 356 (1993); *Ferraro v. B.F. Goodrich Co.*, 149 Ohio App.3d 301, 2002-Ohio-4398, ¶ 11 (9th Dist.2002). This Court consolidated their appeals with Lorain County's appeal for purposes of briefing, oral argument, and decision.

II.

**Lorain County's Appeal**

LORAIN COUNTY'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT IMPROPERLY DENIED DEFENDANT/APPELLANT LORAIN COUNTY IMMUNITY UNDER R.C. CHAPTER 2744 AND SUMMARY JUDGMENT ON PLAINTIFF/APPELLEE'S TRESPASS CLAIM.

{¶6} In its first assignment of error, Lorain County argues that the trial court erred by considering immunity issues related to claims that Mr. Bonkoski did not assert, by determining that the County did not have a prescriptive easement to drain water onto the Bonkoski land, and by concluding that civil liability was expressly imposed upon the County by a section of the Ohio Revised Code under R.C. 2744.02(B)(5). Because Lorain County has appealed from an

order denying summary judgment under R.C. 2744.02(C), its argument regarding the existence of a prescriptive easement is beyond the scope of this appeal. Our discussion is limited to Lorain County's arguments regarding immunity, and in that respect, we agree with the County's final argument.

{¶7} Under Civ.R. 56(C), "[s]ummary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10. This Court reviews an order granting summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶8} As a general rule, political subdivisions are "not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.02(A)(1). This immunity, however, is subject to the exceptions described in R.C. 2744.02(B). Because "'[t]he exceptions of R.C. 2744.02 (B)(1) through (B)(4) are limited to negligent conduct,'" the only exception that could apply to an intentional tort claim for trespass is R.C. 2744.02(B)(5). *Barge v. St. Bernard*, 195 Ohio App.3d 28, 2011-Ohio-3573, ¶ 19 (1st.Dist.), quoting *Bucey v. Carlisle*, 1st Dist. Hamilton No. C-090252, 2010-Ohio-2262, ¶ 27. *See also Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, ¶ 19 ("Unlike sections R.C. 2744.02(B)(1) through (4), R.C. 2744.02(B)(5) is not limited to negligent actions.").

{¶9} R.C. 2744.02(B)(5) provides:

In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or

property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term "shall" in a provision pertaining to a political subdivision.

"If the General Assembly expressly imposes liability on a political subdivision in another section of the Revised Code, a political subdivision is liable for injury, death, or loss to person or property." *Cramer* at ¶ 20. It is not sufficient that a statute imposes civil liability in general for R.C. 2744.02(B)(5) to apply; a statute must "expressly" impose liability upon political subdivisions. *Moore v. Lorain Metro. Hous. Auth.*, 121 Ohio St.3d 455, 2009-Ohio-1250, ¶ 21. *See also O'Toole v. Denihan*, 188 Ohio St.3d 374, 2008-Ohio-2574, ¶ 67 (concluding that statutory language that imposed liability upon a "person" without mentioning political subdivisions did not expressly impose immunity under R.C. 2744.02(B)(5).) Moreover, the liability must be expressly imposed "by a section of the Revised Code." R.C. 2744.02(B)(5). Neither general constitutional guarantees nor congressional action, for example, remove the general grant of immunity to political subdivisions under R.C. 2744.02(B)(5). *See Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, ¶ 20-26.

{¶10} No section of the Revised Code expressly imposes liability upon a political subdivision for trespass. In this case, the trial court implicitly recognized as much, but concluded that general constitutional guarantees and principles embodied in the Revised Code sufficed to create an exception to immunity:

> The County contends that Plaintiff's claims do not involve a statute that expressly imposes liability upon the County. However, the essence of Plaintiff's claim of trespass against the County is that the County has used Plaintiff's private land as a

deposit station for the County's storm water system and that such use has caused damage. The Constitution and Ohio Revised Code prohibit public use of private land without just compensation. This is a rudimentary issue. The County cannot hide under the auspices of R.C. 2744 and violate basic property ownership rights protected by the U.S. Constitution, Ohio Constitution and the Ohio Revised Code. As such, this Court finds that R.C. 2744.02(B)(5) does provide an applicable exception to immunity in this matter, specifically under the prohibitions of R.C. 163 et seq.,[1] the U.S. Constitution and the Ohio Constitution.

Neither "basic property ownership rights" set forth in the U.S. and Ohio Constitutions nor the general principles to be gleaned from R.C. Chapter 163 constitute "civil liability * * * expressly imposed upon the political subdivision by a section of the Revised Code" under R.C. 2744.02(B)(5). The trial court erred by determining that an exception to immunity applied to the County and, therefore, by denying the County's motion for summary judgment on the grounds of immunity with respect to Mr. Bonkoski's trespass claim.

{¶11} The County's first assignment of error is sustained.

LORAIN COUNTY'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT IMPROPERLY GRANTED PLAINTIFF/ APPELLEE'S SUMMARY JUDGMENT ON HIS TRESPASS CLAIM AGAINST DEFENDANT/APPELLANT LORAIN COUNTY.

{¶12} Lorain County's second assignment of error is that the trial court erred by granting summary judgment to Mr. Bonkoski on the merits of his trespass claim. An appeal taken under R.C. 2744.02(C), however, is limited to the issue of immunity. *Riffle v. Physicians & Surgeons Ambulance*, 9th Dist. Summit No. 27449, 2016-Ohio-94, ¶ 10. Lorain County's second assignment of error is not properly before the Court in this appeal.

---

[1] R.C. Chapter 163 sets forth the procedure for appropriation of private land. There are no appropriation proceedings at issue in this case.

**Mr. Abraham's and Mr. Bechtel's Appeals**

MR. BECHTEL'S FIRST ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT ERRED IN GRANTING [MR. BONKOSKI'S] MOTION FOR PARTIAL SUMMARY JUDGMENT AFTER DETERMINING AS A MATTER OF LAW THAT THE DOCTRINE OF REASONABLE USE DID NOT APPLY TO RAYMOND BECHTEL'S LAND BECAUSE THE WATER AT ISSUE WAS NOT "SURFACE WATER."

MR. ABRAHAM'S THIRD ASSIGNMENT OF ERROR

THE TRIAL COURT INCORRECTLY DETERMINED THAT THE DRAIN TILE WATER FROM MR. BECHTEL'S PROPERTY DID NOT CONSTITUTE SURFACE WATER.

{¶13} Mr. Bechtel's first assignment of error and Mr. Abraham's third assignment of error argue that the trial court erred by granting summary judgment to Mr. Bonkoski on his trespass claims because the trial court determined that the water that drained from Mr. Bechtel's property is not "surface water" and, as a result, failed to apply the reasonable use doctrine. This Court agrees.

{¶14} "Trespass is an invasion of the possessory interest in property." *Crown Property Dev., Inc. v. Omega Oil Co.*, 113 Ohio App.3d 647, 658 (12th Dist.1996). "'One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally enters land in the possession of the other or causes a thing or a third person to do so * * *.'" (Emphasis omitted.) *Baker v. Shymkiv*, 6 Ohio St.3d 151, 153 (1983), quoting Restatement of the Law 2d, Torts, Section 158, at 277 (1965). When a claim for trespass involves the flow of surface water, Ohio courts apply a standard of reasonable use:

> [A] possessor of land is not unqualifiedly privileged to deal with surface water as he pleases, nor absolutely prohibited from interfering with the natural flow of surface waters to the detriment of others. Each possessor is legally privileged to make a reasonable use of his land, even though the flow of surface waters is

altered thereby and causes some harm to others, and the possessor incurs liability only when his harmful interference with the flow of surface water is unreasonable.

*McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.*, 62 Ohio St.2d 55 (1980), syllabus.

*See also Williams v. Portage Country Club Co.*, 9th Dist. Summit No. 28445, 2017-Ohio-8986, ¶ 12.

{¶15} "Surface water" is defined as:

[water that] is diffused over the surface of the ground, derived from falling rains and melting snows, and continues to be such until it reaches some well defined channel in which it is accustomed to, and does flow with other waters, whether derived from the surface or springs; and it then becomes the running water of a stream, and ceases to be surface water.

*Reith v. McGill Smith Punshon, Inc.*, 163 Ohio App.3d 709, 2005-Ohio-4852, ¶ 25 (1st Dist.), quoting *Crawford v. Rambo*, 44 Ohio St. 279, 282 (1886). Surface water does not cease to be so merely because it percolates into the ground and is carried by underground conduits. *See Reith* at ¶ 24. *See also Myers v. Encompass Indemn. Co.*, 169 Ohio App.3d 545, 2006-Ohio-6076, ¶ 25-26 (12th Dist.) (for purposes of applying an insurance exclusion, rain water that flowed into a drain that backed up and dispersed onto the claimant's property retained its character as surface water); *Mays v. Moran*, 4th Dist. Ross Nos. 97CA2385, 97CA2386, 1999 Ohio App. LEXIS 1245, *14-15 (accumulating rainfall retained its characterization as surface water as it flowed across property over a dike until it reached its defined watercourse); *Emminger v. Bergman*, 2d Dist. Montgomery No. CA 7772, 1982 Ohio App. LEXIS 12875, *9-10 (rain water that fell upon the ground, collected into a drainage pipe, and flowed into property on the other side of a road retained the character of surface water).

{¶16} In this case, the evidence demonstrated that water accumulated on the Bechtel property, percolated beneath the surface, drained into the culvert via subsurface drainage tiles,

and flowed onto the Bonkoski property. This water did not lose its character as surface water when it percolated below ground, drained across the subsurface drainage tile, or reached the culvert from which it flowed toward a natural outlet. The trial court erred by concluding that the water in this case lost its character as surface water and, consequently, erred by granting summary judgment to Mr. Bonkoski on his trespass claims against Mr. Bechtel and Mr. Abraham without analyzing those claims under the reasonable use standard set forth above.

{¶17} Mr. Bechtel's first assignment of error and Mr. Abraham's third assignment of error are sustained.

## MR. BECHTEL'S SECOND ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT ERRED IN DENYING [MR. BECHTEL'S] MOTION FOR SUMMARY JUDGMENT ON THE TRESPASS CLAIM.

## MR. BECHTEL'S THIRD ASSIGNMENT OF ERROR

WHETHER THE TRIAL COURT ERRED IN GRANTING MR. BONKOSKI A PERMANENT IN JUNCTION BASED UPON A PARTIAL SUMMARY JUDGMENT RULING THAT WAS CONTRARY TO THE LAW AND UNDISPUTED EVIDENCE.

## MR. ABRAHAM'S FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT INCORRECTLY PERMANENTLY ENJOINED [MR. ABRAHAM AND MR. BECHTEL] FROM DISCHARGING WATER FROM [MR. BECHTEL'S] DRAIN TILES INTO THE COUNTY CATCH BASIN.

## MR. ABRAHAM'S SECOND ASSIGNMENT OF ERROR

THE TRIAL COURT INCORRECTLY DETERMINED THAT [MR. ABRAHAM] WAS LIABLE FOR A CONTINUING TRESPASS AS A MATTER OF LAW.

{¶18} In light of this Court's disposition of Mr. Bechtel's first and Mr. Abraham's third assignments of error, their remaining assignments of error are premature.

III.

### The Permanent Injunction against Lorain County

{¶19} This Court has concluded that the trial court erred by denying summary judgment to Lorain County on the basis of immunity. In addition, however, and for purposes of clarity, this Court notes that once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, at ¶ 9. When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void. *Ormandy v. Dudzinski,* 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11. Lorain County's appeal under R.C. 2744.02(C) pertained to whether the County was immune from liability altogether. The trial court's order that purported to enter a permanent injunction notwithstanding the pending appeal was an ultimate disposition of the merits of Bonkoski's claims—the very claims from which Lorain County sought to be immune. As such, the trial court's permanent injunction was void from its inception with respect to Lorain County.

IV.

{¶20} All outstanding motions are denied.

{¶21} Lorain County's first assignment of error is sustained, and the trial court's judgment that denied immunity to Lorain County is reversed.

{¶22} Mr. Bechtel's first assignment of error and Mr. Abraham's third assignment of error are sustained. The trial court's order that granted summary judgment to Mr. Bonkoski on his trespass claims is reversed, and this matter is remanded so that the trial court may apply the analysis described herein.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Mr. Bonkoski.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN T. MCLANDRICH and ROBERT F. CATHCART, Attorneys at Law, for Appellant.

GERALD A. INNES, Attorney at Law, for Appellant.

BRIAN D. SULLIVAN, Attorney at Law, for Appellant.

BARRY MURNER, Attorney at Law, for Appellant.

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellee.