[Cite as *Patituce v. Hein*, 2026-Ohio-684.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

Joseph Patituce                                     Court of Appeals No. F-25-011

      Relator

v.

Judge Jonathan P. Hein                    **<u>DECISION AND JUDGMENT</u>**

      Respondent                              Decided:  February 27, 2026

* * * * *

**MAYLE, J.,**

{¶ 1} This case is before the court on the November 20, 2025 complaint for an emergency writ of prohibition filed by relator, Joseph Patituce.  Patituce alleges that respondent, Judge Jonathan Hein, lacks jurisdiction to proceed with a criminal action pending against Patituce's client, Baylor Barnum, in the Fulton County Court of Common Pleas.  He seeks a writ of prohibition preventing Judge Hein from proceeding with Barnum's case.  On January 5, 2026, we issued an alternative writ ordering Judge Hein to, within 14 days, either file a written notice of his intention to refrain from proceeding with Barnum's criminal case while Barnum's direct appeal is pending or file

an answer or motion to dismiss Patituce's complaint. Judge Hein did not respond to the alternative writ.

{¶ 2} After reviewing the matter, we find that Patituce is entitled to a writ of prohibition. "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Kerr v. Kelsey*, 2019-Ohio-3215, ¶ 5 (6th Dist.), citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). To be entitled to a writ of prohibition, a relator must establish that "(1) [the respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists." *State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 544 (2000). If the respondent patently and unambiguously lacks jurisdiction, the relator need not demonstrate that he lacks an adequate remedy in the ordinary course of law. *State ex rel. Davis v. Kennedy*, 2023-Ohio-1593, ¶ 10.

{¶ 3} Once an appeal has been filed, the trial court loses jurisdiction over a case except to take action in aid of the appeal. *In re S.J.*, 2005-Ohio-3215, ¶ 9. Put another way, the trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to affirm, modify, or reverse the judgment appealed from. *Id.* Holding a hearing on pending motions that address the subject of the appeal is not an action in aid of the appeal. It is, however, an action that could affect our ability to affirm, modify, or reverse the trial court order appealed from. *See Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44 (1990) ("[T]he state's appeal had nothing to do with the

2.

motions . . . . Therefore, had the common pleas court ruled on these motions, it would not have been acting inconsistently with the court of appeals' jurisdiction to reverse, affirm, or modify the trial court's order . . . .").  Based on the evidence before us, it appears that Judge Hein is attempting to hold a hearing on an issue involved in a pending appeal, which he patently and unambiguously lacks jurisdiction to do.  Thus, we find that Patituce is entitled to a writ of prohibition preventing Judge Hein from proceeding with Barnum's criminal case, case No. 23 CR 000043, until his direct appeal, case No. F-25-010, is resolved.

**To the clerk: Manner of service.**

{¶ 4} The sheriff of Darke County shall immediately serve, **upon the respondent** by personal service, a copy of this peremptory writ.

{¶ 5} The clerk is further directed to immediately serve **upon all other parties** a copy of this peremptory writ in a manner prescribed by Civ.R. 5(B).

{¶ 6} Costs are taxed to Judge Hein under App.R. 24.

It is so ordered.


Christine E. Mayle, J.

                                                     JUDGE

Gene  A. Zmuda, J.

                                                     JUDGE

Myron C. Duhart, J.
CONCUR.                                          JUDGE


3.