[Cite as *Veller v. K.B.*, 2026-Ohio-2114.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Giselle Veller, Administrator of the
Estate of Ashton Copeland, et al.

       Appellee

v.

K.B., a minor, et al.

       Defendants

[Middleton Township and
Village of Haskins - Appellants]

Court of Appeals No.  {87}WD-25-059
                      {87}WD-25-060

Trial Court No. 2022 CV 0320

**DECISION AND JUDGMENT**

Decided: June 5, 2026

* * * * *

Anthony J. Glase, for appellee, Giselle Veller.

Gregory A. Beck and Tonya J. Rogers,
for appellant, Middleton Township.

Patrick Kasson,Thomas N. Spyker, and
Mrinali Sethi for appellant, Village of Haskins.

* * * * *

**DUHART, J.**

{¶ 1} This matter is before the court on its order of March 4, 2026, requesting the parties show cause as to why this appeal should not be dismissed for lack of jurisdiction. Appellants, the Village of Haskins ("Haskins") and Middleton Township ("Middleton"), as well as appellee, Giselle Veller, individually and as Administrator of the Estate of

Ashton Copeland, filed briefs in response to this order. For the reasons that follow, we conclude that this appeal should be dismissed as the trial court was without jurisdiction to rule on the motions for summary judgment filed by both Haskins and Middleton.

## I. Background

### A. Facts

{¶ 2} On September 25, 2021, Copeland was a passenger in a vehicle driven by his friend, K.B., when the vehicle was driven over railroad tracks on King Road at a high rate of speed and crashed, resulting in Copeland's death. Veller, Copeland's mother and the administrator of the estate, filed suit against numerous individuals and entities to recover damages incurred as a result of Copeland's death.

### B. Third-Amended Complaint

{¶ 3} In the third-amended complaint, Veller brought suit against, inter alia, Haskins, Middleton, and the Wood County Board of County Commissioners (hereinafter "Board"), claiming that each entity was responsible for some or all of the dangerous land and road conditions that contributed to Copeland's death. These dangerous conditions included "the lack of required pavement markings." The third-amended complaint alleged negligence, recklessness, premise liability, spoliation of evidence, intentional and negligent infliction of emotional distress against each entity and included a survival action and a wrongful death action, as well as a request for a permanent injunction to remediate the dangerous conditions and nuisance. The third-amended complaint also included a seventh count which was entitled "related causes of action, including, but not

2.

limited to, vicarious liability, loss of consortium, recklessness, bad faith, other violation of other State laws."

{¶ 4} Both Haskins and Middleton filed answers to the third-amended complaint and the Board filed a motion to dismiss the complaint.

### C. Board's Motion to Dismiss

{¶ 5} In its motion to dismiss, the Board alleged, relevant to this appeal, that it was entitled to immunity against Veller's tort claims. Veller responded, inter alia, that the exception to immunity found in R.C. 2744.02(B)(3), which states that "political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair," applied. She noted that in its definition of "public roads," R.C. 2744.01(H) states that public roads do not include "traffic control devices unless the traffic control devices are mandated by the Ohio manual of uniform traffic control devices" (hereinafter "OMUTCD") and she has alleged that King Road lacked required traffic control devices.

### D. Denial of Board's Motion to Dismiss

{¶ 6} On April 17, 2024, the trial court denied the Board' motion to dismiss, concluding with respect to its immunity arguments that Veller "satisfied the requisites of notice pleading by apprising [the Board] of the nature of the claims asserted and that an exception to immunity may apply."[1] The Board filed a notice of appeal on April 18,

---

[1] Veller also filed suit against other Wood County entities, however, the trial court granted their motions to dismiss.

3.

2024, and a motion to stay discovery pending appeal with the trial court on April 19, 2024. On April 25, 2024, the trial court filed an order granting the Board's motion to stay discovery, stating that it would "stay this case, by separate Order, for Supreme Court reporting purposes during the pendency of the appeal," and also granting all parties, except the Board, until June 28, 2024, to file any dispositive motions. It also filed a separate judgment entry stating that the notice of appeal "automatically stays these proceedings and, for Ohio Supreme Court reporting purposes, this case is to be considered as transferred to the Court of Appeals."

### E. Haskins' and Middleton's Motions for Summary Judgment

{¶ 7} On April 5, 2024, Haskins filed a motion for summary judgment and Middleton also filed its own motion on June 21, 2024. One issue raised in both motions was whether each entity was entitled to immunity or whether the exception in R.C. 2744.02(B)(3) applied.

{¶ 8} Veller responded to both Haskins' and Middleton's motions for summary judgment by, inter alia, maintaining that the entities were not immune as R.C. 2744.02(B)(3) provided an exception for the negligent failure to keep roads in repair and King Road was not "in repair" due to the failure to provide mandatory road signs and pavement markings required by the OMUTCD.

{¶ 9} The trial court granted both Haskins' and Middleton's motions for summary judgment on November 8, 2024, with respect to Veller's negligence and intentional tort

4.

claims[2] finding, in part, that both entities were immune from liability for Veller's negligence and intentional tort claims. With respect to the negligence claims, the trial court concluded that the exceptions to immunity raised by Haskins and Middleton were not applicable, including the exception set forth in R.C. 2744.02(B)(3) because none of the deficiencies alleged by Veller fit within the definition of a public road. As it related to the absence of certain pavement markings for railroad crossings, which the trial court found were required by the OMUTCD, but were never installed, the trial court concluded that the failure to install the pavement markings could not constitute a failure to keep the public road in repair, as required for the R.C. 2744.02(B)(3) exception because "a mandatory traffic control device, although technically included within the definition of 'public road,' cannot be considered part of the public road if not yet installed, nor can it be considered 'deteriorated or disassembled.'"

## F. Appellate Decision Regarding Board's Motion to Dismiss

{¶ 10} On February 28, 2025, this court issued its decision on the Board's appeal of the denial of its motion to dismiss and reversed the trial court's decision in part. *Veller v. K.B.*, 2025-Ohio-687 (6th Dist.) ("*Veller 1*"). This court found that the trial court properly denied the Board's motion to dismiss Veller's negligence claims in counts two and three (negligence, recklessness, premises liability, wrongful death and survival actions based on negligence). Regarding the Board's claim of immunity, this court found

---

[2] Haskins also sought summary judgment with respect to Veller's claim for an injunction, but the trial court found that request not well-taken.

that Veller sufficiently pled negligence, wrongful death, and survival and that she was not required to allege specific exceptions to immunity in her complaint. This court further found that Veller sufficiently alleged that the Board breached its duty to maintain King Road by claiming that "King Road 'lack[ed] required/mandatory traffic devices ....'" *Id.* at ¶ 32. This court acknowledged that "[g]enerally, a 'public road' does not include traffic-control devices . . ., [b]ut, when the traffic-control device is 'mandated by the [OMUTCD,]' it is considered a 'public road' and falls within the immunity exception in R.C. 2744.02(B)(3)," and that Veller's allegation that "'required/mandatory' traffic-control devices were missing" was sufficient to put the board on notice. *Id.* at ¶ 33. This court further found that Veller "sufficiently alleged that King Road was not 'in repair' within the meaning of R.C. 2744.02(B)(3) by alleging that King Road is missing *mandatory* traffic-control devices." (Emphasis in original.) *Id.* at ¶ 34. In so concluding, this court made the following relevant statements:

> . . . The Ohio Supreme Court has explicitly held that "[w]here the installation of traffic control devices by a municipality is *discretionary* pursuant to the [traffic manual], the municipality is immune from tort liability for damages allegedly resulting from the absence of such devices." (Emphasis added.) *Winwood v. City of Dayton*, 37 Ohio St.3d 282, . . . (1988), syllabus. But it has not made the same pronouncement related to the installation of *mandatory* traffic-control devices, which local authorities are required by R.C. 4511.11(A) to "place and maintain." This makes sense because a political subdivision's immunity under R.C. 2744.02(A) can be restored—despite an exception to immunity in R.C. 2744.02(B) applying—when the underlying action involves the exercise of discretion. R.C. 2744.03(A)(3), (5). Political subdivisions have discretion to place traffic-control devices that are not mandated by the traffic manual, but do not have discretion regarding the placement of mandatory traffic-control devices.

6.

(Emphasis in original.) *Id.*

> We recognize that the Ohio Supreme Court has determined that whether an *existing* mandatory traffic-control device is "in repair depends on its physical condition, ..." i.e., whether the sign itself is "in good or sound condition" or "otherwise deteriorated or disassembled." *Pelletier* [*v. Campbell*], 2018-Ohio-2121, . . . at ¶ 20-21. But applying this definition to a mandatory traffic-control device that *does not exist* is illogical; a nonexistent sign does not have a "physical condition" that would demonstrate whether it is "in good or sound condition" or "otherwise deteriorated or disassembled."

(Emphasis in original.) *Id*. at ¶ 34, fn. 3.

{¶ 11} This court did, however, find that the trial court erred in failing to dismiss counts four, five, six and part of seven[3] of Veller's third-amended complaint.

## G. Motion for Reconsideration

{¶ 12} After the issuance of *Veller 1*, Veller filed a motion to reconsider the trial court's grant of summary judgment in favor of Haskins and Middleton. Specifically, Veller requested that the court reconsider its decision as it related to her negligence claims due to our decision in *Veller 1*, pointing to the above language regarding whether the failure to install a mandatory traffic control device constitutes evidence that a road is not "in repair" for purposes of the R.C. 2744.02(B)(3) immunity exception.

{¶ 13} On August 20, 2025, the trial court granted Veller's motion for reconsideration, acknowledging our decision in *Veller 1*, and stating that, if *Veller 1* had "been available at the time the Court ruled on [Haskins' and Middleton's] Motions for

---

[3] In *Veller 1*, this court found that the third-amended complaint only stated a viable claim for loss of consortium, and that that claim should not be dismissed, but the rest of the claims in count seven should be dismissed.

7.

Summary Judgment, the outcome would have been different." The trial court then revised its prior decision "to find that the failure to install the mandatory pavement markings on King Road falls within the R.C. 2744.02(B)(3) exception" and denied the motions for summary judgment on the issue of immunity. The trial court further considered Haskins' and Middleton's arguments regarding proximate cause, which had been unnecessary when the motions were granted on the issue of immunity, and found a question of fact as to whether the failure to install the mandatory pavement markers was a proximate cause of the accident.

{¶ 14} Both Haskins and Middleton appealed. The appeals have been consolidated. On March 4, 2026, this court sua sponte ordered the parties to file memorandum showing cause why this appeal should not be dismissed for lack of jurisdiction and specifically requested that the "parties' memoranda shall address the trial court's continuing assertion of jurisdiction while the appeal in [*Veller 1*](in which the [Board] appealed the trial court's denial of its motion to dismiss on immunity grounds) was pending in this court, and the impact, if any, on the trial court's November 8, 2024 grant of summary judgment and the August 20, 2025 judgment granting reconsideration." Veller, Haskins, and Middleton filed their memoranda and we now consider whether we have jurisdiction to hear this appeal.

8.

## II. Analysis

{¶ 15} The issue before us is whether the trial court had jurisdiction to rule on Haskins' and Middleton's motions for summary judgment when the appeal of the denial of the Board's motion to dismiss was pending.

{¶ 16} "Once an appeal has been filed, the trial court loses jurisdiction over a case except to take action in aid of the appeal." *Patituce v. Hein*, 2026-Ohio-684, ¶ 3 (6th Dist.), citing *In re S.J.*, 2005-Ohio-3215, ¶ 9. This has been interpreted to include that "the trial court does not have jurisdiction to proceed on claims that 'could be affected by' or 'might be subject to' the issues pending on appeal." *LEXISNEXIS v. Murrell*, 2021-Ohio-3527, ¶ 6 (2d Dist.), quoting *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 2011-Ohio-626, ¶ 14. Similarly, courts have concluded that when "a trial court's ruling could potentially conflict with the disposition of the pending appeal," it is inconsistent with jurisdiction. *Krueger v. Krueger*, 2025-Ohio-5283, ¶ 12 (11th Dist.), quoting *Salyers v. Salyers*, 2025-Ohio-2739, ¶ 37 (11th Dist.). The trial court does, however, retain jurisdiction "over issues not inconsistent with the appellate court's jurisdiction to affirm, modify, or reverse the judgment appealed from." *Patituce* at ¶ 3, citing *In re S.J.* at ¶ 9.

{¶ 17} "When a trial court acts beyond its jurisdiction while an appeal is pending, its order is void." *Bonkoski v. Lorain Cnty.*, 2018-Ohio-2540, ¶ 19 (9th Dist.), citing *Ormandy v. Dudzinski*, 2010-Ohio-2017, ¶ 11 (9th Dist.). *Also see Kent State Univ. v. Manley,* 2022-Ohio-4512, ¶ 30 - 31 (8th Dist.). An appellate court cannot consider the

9.

merits of a judgment that is void due to lack of trial court jurisdiction. *Best Financial Sols., LLC. v. Tifton Custom Packaging, LP.*, 2021-Ohio-2906, ¶ 13 (1st Dist.).

{¶ 18} Haskins maintains that the trial court had jurisdiction to issue its order granting Haskins summary judgment and then reconsidering a portion of that order because those orders were not inconsistent with this court's ability to rule on the Board's appeal.

{¶ 19} Middleton agrees that the trial court retained jurisdiction over its immunity issues because the issue in the Board's appeal was "primarily whether the allegations set forth in the third[-]amended complaint were sufficient to articulate a viable claim against the" Board whereas Middleton's motion for summary judgment dealt with "whether the actual record contained any questions of fact that warranted a trial on the issue of immunity." Middleton maintains that these issues were distinct, noting that the Board's motion to dismiss was limited to the complaint, unlike Middleton's motion for summary judgment which incorporated the record, and that "a primary focus [of the Board's appeal] was whether the third[-]amended complaint set forth facts that would impose a duty on the [Board] in the first instance."

{¶ 20} Veller disagrees with Haskins and Middleton and argues that the trial court was not taking action in aid of the appeal when it ruled on the two motions for summary judgment; rather *Veller 1* was "necessary guidance and authority to fully resolve the issues" raised in the summary judgment motions. Specifically, Veller notes that *Veller 1* "discussed how the failure to install mandatory pavement markings can trigger the

10.

immunity exception for failure to keep the public road 'in repair,'" that "these same 'in repair' arguments were the primary arguments presented in Middleton's original motion for summary [j]udgment," and that the trial court granted Middleton's and Haskins' motions for reconsideration on the basis of *Veller 1*.

{¶ 21} We find that the trial court did not have jurisdiction to consider Haskins' and Middleton's motions for summary judgment. The issue as to whether an exception to government immunity existed under R.C. 2744.02(B)(3) based upon the absence of mandatory traffic devices was before this court in the Board's appeal at the time the trial court issued its decision regarding the motions for summary judgment. That same question was at issue in the motions for summary judgment. The trial court's exercise of jurisdiction over the motions for summary judgment during the Board's appeal could, and in fact did, result in a ruling inconsistent with this court's decision in *Veller 1* and additionally the trial court's decisions regarding those motions clearly "could be affected by," and in fact was affected by our decision in *Veller 1*. Therefore, we find that the trial court was divested of jurisdiction to consider that issue and the trial court's decision regarding the summary judgment motions was void.[4] As such, we do not consider the merits of Haskins' and Middleton's appeal.

---

[4]  We note that the motions for reconsideration were ruled upon after this court ruled on *Veller 1* and jurisdiction was returned to the trial court. The parties do not contend that this should affect our decision. Moreover, we note that the court's decision upon reconsideration "revised" its previous order. An order predicated on a void order is also void. *Fifth Third Mtge. Co. v. Orebaugh*, 2011-Ohio-4472, ¶ 1, 9 (12th Dist.).

11.

### III.  Conclusion

**{¶ 22}** We remand this matter back to the trial court for further proceedings consistent with this opinion.  Pursuant to App.R. 24, Haskins and Middleton are hereby ordered to split the costs incurred on appeal.

Appeal dismissed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Thomas J. Osowik, P.J.

_____
JUDGE

Christine E. Mayle, J.

Myron C. Duhart, J.

_____
JUDGE

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.